```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X      22md3043 (DLC)
                                 :      22mc3043 (DLC)
IN RE: Acetaminophen - ASD-ADHD  :
Products Liability Litigation    :      ORDER:
                                 :      PRE-CONFERENCE
-------------------------------- X      SUBMISSIONS
```

DENISE COTE, District Judge:

An October 18, 2022 Order scheduled an initial pretrial conference for November 17, 2022 at 2:30 P.M., with the pre-conference submissions setting forth proposed case management plans due November 10, 2022. To assist counsel in preparation for the conference and those submissions, it is hereby

ORDERED:

## I. PRETRIAL CONFERENCE

1. The pretrial conference of November 17 will be held in Courtroom 18B, 500 Pearl Street, New York, New York. Counsel are expected to familiarize themselves with (1) the Manual for Complex Litigation, Fourth Edition ("MCL Fourth"); (2) the Local Rules for the Southern District of New York; and (3) this Court's Individual Practices for Civil Cases in advance of the conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation. The notice of intent to appear at the November 17 conference is due **November 10, 2022.**

1

II. PROPOSED CASE MANAGEMENT PLANS

2. A proposed case management plan shall include a proposed agenda for the initial conference and a proposed schedule for pretrial activities, including motions and discovery. The items listed in MCL Fourth §§ 22.6 and 22.8, to the extent applicable to these actions, shall constitute a tentative agenda for the conference. The proposed case management plans shall not exceed five pages.

3. Also on **November 10, 2022**, plaintiffs and defendants shall each submit status letters (one letter on behalf of all plaintiffs and one letter on behalf of all defendants) setting forth the following information in separate paragraphs:

> (1) A brief statement of the nature of the actions contained in the MDL and/or the principal defenses thereto.
>
> (2) A statement of all existing deadlines.
>
> (3) A brief description of any outstanding motions.
>
> (4) A brief description of any adjudicated motions (not including pro hac vice motions, motions for extension, or other ministerial motions).
>
> (5) A brief statement with respect to whether a single consolidated complaint (or multiple consolidated complaints) can and/or should be filed in this MDL.
>
> (6) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.
>
> (7) A brief statement of whether and when court-ordered mediation would be useful and whether such mediation should be conducted by Magistrate Judge

Katharine H. Parker or by a privately retained mediator.

(8) A separate list (not included in the page limit) of all related cases pending in state or federal court that are not included in this MDL, together with their current status, including discovery taken to date and pending or decided nonministerial motions, to the extent known.

(9) A list of all parents, subsidiaries and companies affiliated with the corporate parties and counsel in the litigation to help the Court identify any potential conflicts.

(10) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or other important issue in the case that may be susceptible to separate discovery and/or motion practice.

4. Each status letter shall not exceed ten single-spaced pages (exclusive of the lists, which may be provided as attachments).

III. DIRECT FILING OF CASES

5. Defense counsel shall confer and advise the Court, no later than **November 10, 2022**, by joint letter, not to exceed three pages, whether they will stipulate that they will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. §

3

1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391. The parties to any such directly filed action shall confer and within 14 days of the filing identify the district or districts to which the action may be transferred upon the completion of all pretrial proceedings.

## IV. APPOINTMENT OF COUNSEL

6. The duties of lead and liaison counsel are enumerated in the MCL Fourth § 10.22. No later than **November 3, 2022**, to the extent possible, counsel representing all plaintiffs shall file a joint letter not to exceed five pages (and to the extent necessary, individual supplemental letters not to exceed two pages) setting forth the following information in separate sections:

> (1) Counsel's views on the necessity and desirability (or lack thereof) of the appointment of lead and liaison counsel.
>
> (2) Counsel's views on the necessity and desirability (or lack thereof) of a plaintiffs' steering committee or other committees, as defined and discussed in MCL Fourth § 10.221. Counsel should explain in their submission (and be prepared to discuss at the initial conference) the necessity and desirability of such committees.
>
> (3) A proposed structure for lead and liaison counsel, including any proposed steering committee or other committee, and their size, composition, and scope.

7. Also on **November 3, 2022**, to the extent possible, counsel for all defendants shall file a joint letter not to

exceed five pages (and to the extent necessary, individual supplemental letters not to exceed two pages) setting forth counsel's views on the necessity and desirability (or lack thereof) of the appointment of lead and liaison counsel for the defendants.

8. It is anticipated that applications for appointment will be due **November 14, 2022,** with any objections to those applications due **November 16, 2022** at **12:00 P.M.** The applications and any objections shall be filed solely in 22md3043. Applicants will be heard at the November 17 conference for five minutes or less. Any applicant wishing to be heard at the conference shall indicate so in the application.

V. COMPENSATION AND TIME AND EXPENSE RECORDS

9. Any counsel who anticipates seeking an award of attorneys' fees and reimbursement expenditures from the Court shall comply with the directives in the MCL Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

VI. MOTIONS

10. No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

VII. FILING OF SUBMISSIONS

11. All pretrial conference submissions ordered herein shall be filed in both 22md3043 and 22mc3043 unless otherwise ordered.

VIII. SERVICE

12. Counsel for MDL defendants shall cooperate with each other to serve by **November 3, 2022** this Order electronically on counsel for parties in actions related to this MDL whose cases have not yet been transferred to this Court.

Dated:  New York, New York
        October 24, 2022

                                    _____
                                          DENISE COTE
                                    United States District Judge