UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation<br><br>This Document Relates To: All Actions | Docket Nos.:  22-md-3043 (DLC)<br>22-mc-3043 (DLC) |

**DEFENDANTS' PROPOSED CASE MANAGEMENT PLAN**

Pursuant to the Court's Orders dated October 18, 2022 (DE 11) and October 24, 2022 (DE 19), Defendants Costco Wholesale Corporation, CVS Pharmacy, Inc., Dollar General Corporation, Dollar Tree, Inc., Family Dollar, Inc., Rite Aid Corporation, Safeway Inc., 7-Eleven, Inc., Target Corporation, The Kroger Co., Walgreen Co., and Walmart Inc. (the "Retailer Defendants"), and Johnson & Johnson Consumer Inc. (collectively, "Defendants") hereby submit this proposed Case Management Plan and Agenda for the Court's consideration in advance of the initial pretrial conference, scheduled for November 17, 2022.

**I.   Defendants' Proposed Agenda**

    **A.   Introductions**

    **B.   MDL Leadership**

        1.  Applications for leadership positions

    **C.   Status of the Litigation**

        1.  MDL case counts

        2.  Report on cases outside the MDL

    **D.   Parties' Presentations Regarding Statement of the Case (7 minutes per side)**

    **E.   Case Management Proposals**

        1.  Initial Orders: direct filing, federal-state coordination

        2.  Pleadings:

            a)  Dispute regarding master pleadings and short-form complaints

            b)  Deadline to add parties

            c)  Rule 12 Omnibus motions

      3. Discovery

          a) Timing of discovery relative to the pleadings

          b) Negotiation of discovery orders

          c) Plaintiff fact sheets, product ID and case-specific discovery

          d) Discovery from Defendants

          e) Science & expert discovery

      4. Bellwether selection & trials

      5. Mediation & settlement negotiations

**II.   Defendants' Proposed Schedule for Pretrial Activities**

    **A.   Pending Motions to Dismiss**

      1. In the event the Court rules in Defendant Walmart's favor with respect to the motions in *Roberts* and *Hatfield*, finding the claims preempted, the Court will issue an Order to Show Cause why all Plaintiffs' claims against the other Defendants should not be dismissed on the same grounds.[1]

        a. Plaintiffs' response, if any, to the Order to Show Cause shall be due 30 days from entry of the Order.

        b. Defendants' shall have 30 days to respond to Plaintiffs' briefing on the Order to Show Cause, if any.

    **B.   Pleadings**

      1. The following deadlines shall be triggered in the event (1) the Court denies the motions in *Roberts* and *Hatfield*; or (2) the Court rules that any Plaintiffs' claims survive the show cause process set forth above (hereinafter collectively referred to as the "Court's Ruling").

      2. Plaintiffs' deadline to file their Consolidated Personal Injury Master Complaint (the "Personal Injury Master Complaint"),[2] including Plaintiffs' deadline to name additional defendants: 45 days after the Court's Ruling.[3]

        a. Defendants' Omnibus Motion to Dismiss Plaintiffs' Personal Injury Master Complaint: 60 days after the filing of the Master Complaint.[4]

---

[1] Defendant Walmart proposes that the Court's dismissal of the claims against the Walmart Defendants should be self-executing, such that all claims pending against Walmart in any case pending in this MDL should be deemed preempted and dismissed.

[2] In the event Plaintiffs at some time pursue class action claims in the MDL, the Defendants submit that the parties should meet and confer regarding additional briefing and discovery deadlines applicable to any such claims.

[3] Defendants recognize that not all future defendants are known or knowable to Plaintiffs at this point; nevertheless, Defendants submit that currently known and reasonably anticipated Defendants should be identified by this date, with all rights reserved by all parties with respect to the addition of any new parties at a later date.

[4] In the event the Master Complaint asserts claims against more than one tier of supply chain entities (*e.g.*, Manufacturing Defendants, Distributor Defendants, Retailer Defendants), Defendants request that each defense tier be permitted to file its own motion. The parties will meet and confer regarding page limitations for the motions, to the extent they anticipate requesting additional pages for their briefing. Defendants also reserve the right to move to

      b. Plaintiffs' Opposition: 45 days after Defendants' Motion to Dismiss

      c. Defendants' Reply: 30 days after Plaintiffs' Opposition

   3. Within 30 days of Plaintiffs' filing of their Personal Injury Master Complaint, the parties will submit joint or competing proposals for Short Form Complaints, to be used in both existing and newly filed cases going forward.

**C. Discovery:**[5]

   1. <u>General orders regarding discovery</u>: Within 45 days of Plaintiffs filing their Personal Injury Master Complaint, Plaintiffs and Defendants[6] shall present the Court with joint or competing proposals for anticipated foundational orders governing discovery in the MDL, including orders governing i) electronic discovery/ESI and ii) a protective order governing the handling of confidential information.

   2. <u>Discovery as to Defendants</u>:[7]

      a. Plaintiffs to serve Requests for Production on Defendants: 30 days after Plaintiffs file their Personal Injury Master Complaint.

      b. Within 15 days of service of Plaintiffs' Requests for Production, the parties will present the Court with joint or competing proposals regarding Defendant Fact Sheets, including (1) whether production of Defendant Fact Sheets are necessary or helpful here, given the over-the-counter nature of the products at issue in this MDL; and (2) the form of any such Defendant Fact Sheets, as applicable.

      c. Defendants to serve Responses and Objections: Within 90 days of service of Plaintiffs' Requests for Production, with the parties to meet and confer thereafter, as may be necessary.

      d. Plaintiffs will review Defendants' Responses and Objections and will advise Defendants of any disputes within 15 days of service. In the event there are no disputes, Plaintiffs will advise Defendants of that fact.

---

dismiss on grounds that Plaintiffs' claims are preempted, depending on the nature of the Court's ruling on the pending *Roberts* and *Hatfield* motions, the nature of Plaintiffs' pleadings in the Personal Injury Master Complaint, and whether there are additional judicially noticeable grounds for the Court's consideration at the time of the Omnibus briefing.

[5] Defendants submit that it may be necessary to revisit these discovery deadlines depending on the nature and scope of any claims asserted by Plaintiffs in their Personal Injury Master Complaint, including, but not limited to the parties named and the products allegedly at issue.

[6] Defendants submit that the timing of this deadline affords both new defendants – which are expected to be named in Plaintiffs' Master Pleadings – and existing Defendants adequate time to familiarize themselves with the litigation, including the products, parties, and factual and legal issues involved in the case, prior to negotiation and entry of these orders, which shall govern all parties going forward.

[7] Given current uncertainties regarding the anticipated defendants and defense tiers in the MDL, and continuing uncertainty regarding the scope of potential APAP products at issue in the MDL, Defendants submit that it makes sense for the pleadings to be settled before setting a discovery schedule generally applicable to all parties. Alternatively, to the extent the Court is inclined to enter a discovery schedule at this time, Defendants note that it may make sense to revisit the deadlines entered once the other anticipated defendants have appeared and once the full scope of the MDL is more apparent and/or following the Court's ruling on any Motions to Dismiss with respect to the Master Pleadings.

  e. In the event there are disputes as to Defendants' Responses and Objections, following a good faith attempt to meet and confer, the parties will submit any disputes regarding written discovery to the Court: within 45 days of service of Defendants' Responses and Objections to Plaintiffs' Requests for Production.

  f. <u>Defendants' Document Productions</u>:

   i. Within 30 days of either Plaintiffs advising Defendants that there are no disputes regarding their Responses and Objections (see ¶ II.C.2.d) or the Court ruling on the parties' discovery disputes (see ¶ II.C.2.e), Defendants shall begin serving rolling productions on Plaintiffs, pursuant to the terms of any agreed-upon or court-ordered Orders governing the conduct of discovery (see ¶ II.C.1).

   ii. Within 180 days of the Court's ruling on the parties' discovery disputes, or Defendants beginning rolling productions of documents, Defendants shall complete all rolling productions.

  g. <u>Plaintiffs' Interrogatories on Defendants</u>:

   i. Plaintiffs to serve: 175 days after the Court's Ruling.

   ii. Defendants to respond: Within 90 days of service.

  h. <u>Depositions of Defendants</u>:

   i. Plaintiffs to serve notices of deposition upon Defendants advising Plaintiffs that Defendants' document productions are substantially complete.

   ii. Depositions of Defendants to be completed within 90 days of service of deposition notices.

**D. Discovery as to Plaintiffs:**

1. <u>Plaintiff Fact Sheets</u>:[8]

 i. Within 45 days of Plaintiffs filing of their Personal Injury Master Complaint, Plaintiffs and Defendants[9] shall present the Court with joint or competing proposals for Plaintiff Fact Sheets, including a deficiency process for those Plaintiffs who fail to timely and substantially complete the Plaintiff Fact Sheet.

---

[8] Defendants reserve the right to seek a future order respecting proof of individual plaintiffs' product use. Because the pleadings are not yet certain and the necessary parties have not yet been joined, the scope of such an order is not yet known. At this time, Defendants only wish to identify this potential discovery issue for the Court, and will approach the Court with a more defined proposal if and when the issue becomes ripe for consideration.

[9] Defendants submit that the timing of this deadline affords both existing Defendants and new Defendants – to be named in Plaintiffs' Master Pleadings – adequate time to familiarize themselves with the litigation, including the products, parties, factual and legal issues involved in the case, prior to negotiation and entry of these orders, which shall govern all parties going forward.

    j. Within 60 days of the Court approving the Plaintiff Fact Sheet, existing Plaintiffs will serve their Plaintiff Fact Sheets, and any authorizations required by the Plaintiff Fact Sheet.

    k. Plaintiffs in newly filed cases will file their Plaintiff Fact Sheets and accompanying authorizations within 60 days of either (1) transfer into the MDL, or (2) direct filing in the MDL.

2. <u>Plaintiff-Specific Discovery:</u> Only those Plaintiffs selected as bellwether candidates, discussed further in Section II.G, will be subject to Plaintiff-Specific Discovery.[10]

E. **Expert Discovery:**

1. Plaintiffs to serve general causation and regulatory expert reports: 45 days after the close of defense depositions.

2. Defendants to serve general causation and regulatory expert reports: 45 days after service of Plaintiffs' expert reports.

3. Depositions of Plaintiffs' experts to conclude within 45 days of Plaintiffs' service of their expert reports.

4. Depositions of Defendants' experts to conclude within 45 days of Defendants' service of their expert reports.

F. **Rule 702 Motions:**

1. Opening briefs due: 30 days after the close of Defense expert depositions.

2. Oppositions due: 30 days after the service of Rule 702 motions.

3. Replies: 25 days after the service of Rule 702 oppositions.

G. **Bellwether Trials:**

1. Within 60 days of receipt of the first production of Plaintiff Fact Sheets, the parties will begin to meet and confer regarding the process for identification and selection of bellwether candidates.

2. The parties will present either a joint proposal or competing proposals to the Court within 90 days of the first Plaintiff Fact Sheet production deadline.

Dated: November 10, 2022

                                              Respectfully submitted,

                                              */s/ Kristen L. Richer*
                                              Kristen L. Richer (SBN 4960753)
                                              Barnes & Thornburg LLP
                                              2029 Century Park East, Ste. 300
                                              Los Angeles, CA 90067
                                              Kristen.Richer@btlaw.com

---

[10] Defendants reserve the right to serve additional general discovery on Plaintiffs and Plaintiffs' counsel as the litigation may require.