UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                     :      22md3043 (DLC)
IN RE: Acetaminophen – ASD-ADHD   :      22mc3043 (DLC)
Products Liability Litigation     :
                                       :      ORDER: DIRECT
------------------------------------ X     FILING

DENISE COTE, District Judge:

    To eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, it is hereby

    ORDERED:

    1.    This Order applies only to personal injury claims brought by United States residents and filed directly in the MDL.

    2.    Any plaintiff whose case would be subject to transfer to this MDL may directly file his or her complaint against any or all defendants in the United States District Court for the Southern District of New York as related to the MDL.

    3.    Any complaint that is filed directly in the Southern District of New York pursuant to this Order shall be deemed directly filed in the MDL and filed as a new civil action in the Court's electronic filing system.  At the time of filing, the complaint shall bear the caption set forth in Paragraph 4(c) of this Order and be accompanied by a civil cover sheet and summons. The civil cover sheet shall be completed in accordance with the instructions set forth therein.  The filing party shall use the

origin code 8 on the civil cover sheet.  The Clerk of Court is directed to assign the action to the MDL Judge's docket.  After review by the Clerk of Court's office, the case will be automatically consolidated for pretrial purposes in the MDL and listed as a Member Case.  If counsel have any questions regarding opening a civil case, contact the Civil Case Openings unit of the Southern District of New York at 212-805-0632 or case_openings@nysd.uscourts.gov.

    4.   The process for direct filing will be as follows:

        a.   Attorneys who are subject to the Local Rules of this District must file the complaint in accordance with the Local Rules.  Attorneys who are not admitted to practice in the United States District Court for the Southern District of New York shall seek admission prior to the direct filing of the cases in accordance with this Court's October 19, 2022 Order: Attorney Admissions.

        b.   All plaintiffs directly filing in the MDL are required to pay the standard New Action Filing Fee to initiate the case.

        c.   Any complaint that is directly filed in the MDL shall bear following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
                               :          22md3043 (DLC)
                               :
IN RE: Acetaminophen – ASD-ADHD :
Products Liability Litigation  :
                               :          DIRECT FILED COMPLAINT [&
This Document Relates To:      :          JURY DEMAND] PURSUANT TO
                               :          ORDER: DIRECT FILING
                               :
_____,          :
                               :
              Plaintiff/s,     :          CIVIL ACTION NO.
                               :
                               :          _____
-v-                            :
                               :
                               :
_____,          :
                               :
              Defendant/s.     :
------------------------------ X

      d.   Each case filed directly in the MDL that emanates from a district outside the Southern District of New York will be filed in the MDL for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 5, 2022 Transfer Order.

      e.   Any complaint directly filed pursuant to this Order shall plead the federal district in which each plaintiff resides.

      f.   Any complaint directly filed pursuant to this Order shall plead the following in the leading paragraph of the complaint:

      This Complaint is filed pursuant to Order: Direct Filing.  Plaintiff/s hereby designate/s the United States District Court for the _____ as plaintiff/s' home

3

venue ("Home Venue"), as this case may have originally been filed there because

☐   Plaintiff/s currently reside/s in _____(city), _____(state);

☐   The APAP product/s plaintiff-mother took while pregnant with plaintiff-minor were purchased and/or used in _____(city),_____(state);

☐   Plaintiff-minor was born in _____(city), _____(state);

☐   A substantial part of other events or omissions giving rise to the claims occurred there, to wit: _____;

☐   At least defendant _____ is a resident of the district and all defendants are residents of the State in which that district is located.

g.   Upon completion of all pretrial proceedings applicable to a case directly filed in this Court, pursuant to 28 U.S.C. § 1404(a), if the Court determines that transfer of a given case is warranted, the Court will transfer each such case to the identified Home Venue unless that designation is subject to challenge, pursuant to Paragraph 4(i) of this Order, or to another district which the parties to the action jointly request that the case be transferred.

h.   Plaintiffs, through Co-Lead Counsel, and defendants in the applicable Member Case shall have fourteen (14) days from the date the action is listed as a Member Case, pursuant to Paragraph 3, supra, to confer and object by letter motion to the inclusion of the case in the MDL.  The party in

favor of inclusion in the MDL shall then have three (3) days to file a response to any such objection. Failure to object as set forth herein shall constitute a waiver of any objection to inclusion of the case in the MDL for pretrial proceedings.

   i. Plaintiffs, through Co-Lead Counsel, and defendants shall have fourteen (14) days from the date the action is listed as a Member Case to object to a plaintiff's designation of Home Venue in any directly filed complaint. Objections regarding a plaintiff's designated Home Venue may be raised by letter motion at any time thereafter upon a showing of good cause, but no later than the deadline for the conclusion of fact discovery in the individual directly filed action.

   j. With the exception of complaints that include plaintiffs who are immediate family members or who solely assert derivative claims, no multi-plaintiff complaints may be directly filed in the MDL. To the extent any case already filed in or transferred to this MDL asserts claims on behalf of multiple plaintiffs who are not immediate family members or who solely assert derivative claims, the parties shall meet and confer within fourteen (14) days of entry of this Order to agree upon the voluntary dismissal and refiling of any such multi-plaintiff complaints as individual and distinct actions.

   5. Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed

pursuant to this Order in the Southern District of New York.

6. All defendants currently before this Court as of the date of this Order have agreed that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Member Case filed directly in the Southern District of New York where the plaintiff has designated in the complaint another district as the plaintiff's Home Venue unless and until the Court determines that the Member Case is ready for transfer.

7. Any choice of law determination in a directly filed action will treat that action as if it had been originally filed in the Home Venue. This Court, as a multidistrict litigation transferee court, will apply the substantive state law, including choice-of-law rules, of the jurisdiction of the Home Venue.

8. The direct filing of a case in the MDL shall not constitute a determination by this Court that venue is proper in this district, nor a waiver of personal jurisdiction or service by any named defendant. Nor shall the filing of an action directly in the MDL constitute, for any party, a waiver pursuant to Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). The Court understands that defendants expressly reserve all rights pursuant to Lexecon.

9. The filing of a complaint directly in the MDL pursuant to this Order shall stop the running of any statute of

limitations or prescriptive or preemptive period as if the complaint had been filed in an appropriate venue.

10.    Defendants reserve all rights to move to dismiss any directly filed individual complaint under Rule 12 or Rule 9, consistent with a schedule to be entered by the Court.

11.    The references to "defendants" herein shall not constitute an appearance by or for any defendant not yet named in the MDL and/or not properly served.

Dated:     New York, New York
           December 2, 2022

                              _____
                              DENISE COTE
                        United States District Judge