UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: Acetaminophen - ASD-ADHD Products Liability Litigation

22md3043 (DLC)
22mc3043 (DLC)

ORDER: SHORT FORM COMPLAINTS

DENISE COTE, District Judge:

During the Initial Pretrial Conference held on November 17, 2022, this Court ordered the use of Master Pleadings and corresponding Short Form Complaints in this litigation. On January 4, 2023, the parties submitted their competing versions of the Short Form Complaint. The parties were given an opportunity to be heard on their disputes at a conference held on January 6. It is hereby

ORDERED that, for the reasons stated on the record at the January 6 conference, the model Short Form Complaint ("SFC") attached hereto is approved and adopted for use in this MDL.

IT IS FURTHER ORDERED that all current and future plaintiffs shall file and serve SFCs using the attached form, in accordance with the following provisions.

I. TIMING OF FILING SHORT FORM COMPLAINTS

1. Currently Pending Cases: Any plaintiff who has a case pending in this MDL as of the date of this Order is hereby ordered to file his/her SFC on the individual member docket for his/her case, and via the platform for the Census of Filed Cases

(the "Census platform"), no later than **January 20, 2023**.

2. Future Cases: Any future plaintiff who files directly in this MDL pursuant to the December 2, 2022 Direct Filing Order (22MC3043: ECF No. 25) ("Direct Filing Order") or whose case is transferred into this MDL from another jurisdiction, is required to file a SFC on his/her individual member docket, and via the Census platform.

a. Direct Filings: Plaintiffs who file directly in this MDL must initiate their cases using the SFC, along with the Civil Cover Sheet required by this Court's local rules, and must comply with all Local Rules and with the Direct Filing Order in initiating their respective cases.

b. Transferred Cases: In the event any plaintiff's pending case is transferred into this MDL from another jurisdiction, whether via the Judicial Panel on Multidistrict Litigation's Conditional Transfer Order process, via motion to transfer, or otherwise, that plaintiff shall be required to complete and file an SFC, which shall supersede that plaintiff's previously filed long-form complaint, within 14 days of transfer into the MDL.

c. Removed Cases: A plaintiff whose case is removed from state court and transferred to this MDL shall be required to complete and file an SFC, which shall supersede that plaintiff's previously filed long-form complaint, within the

plaintiff's deadline to file a motion to remand, or if the plaintiff files a motion to remand, within fourteen (14) days after the Court denies the plaintiff's motion to remand.

II. PROCEDURES FOR FILING OF SHORT FORM COMPLAINTS

3. Plaintiffs' leadership will make the attached version of the SFC accessible to any new plaintiffs' counsel who request it. A plaintiff will not be excused from compliance with the Court's SFC procedures due to a claimed inability to obtain the SFC template.

4. For purposes of statutes of limitation and statutes of repose, a plaintiff shall be deemed to have initiated his or her case as of the date of the filing of his or her original long-form complaint, even if filed in another court (including state and federal courts), or his or her SFC, whichever was filed first.

5. SFCs shall not be filed on the master MDL dockets, and shall only be filed on the docket of a plaintiff's individual member case.

6. With the exception of SFCs that include plaintiffs who are immediate family members or who solely assert derivative claims, plaintiffs in multi-plaintiff cases must file individual SFCs for each plaintiff but may list the same docket number (i.e., the docket number for their multi-plaintiff member case) on their SFCs. Defendants reserve all rights, after meeting and

conferring with plaintiffs' counsel regarding such multi-plaintiff cases, to move to sever these multi-plaintiff cases based on improper joinder. Plaintiffs who are immediate family members or who assert solely derivative claims may file a single SFC.

7. To the extent a plaintiff wishes to amend his or her SFC, or to voluntarily dismiss a party from this action, any such amendment or dismissal shall be done in a manner consistent with the Federal Rules of Civil Procedure.

## III. PROCEDURES FOR DEFICIENT SHORT FORM COMPLAINTS, AND FOR FAILURE TO TIMELY FILE SHORT FORM COMPLAINTS

8. In the event a plaintiff fails to file a SFC by the deadlines set forth in this Order, or fails to fully and accurately fill out the SFC in the manner contemplated by the form, the defendants shall reach out to the plaintiff to advise the plaintiff of the failure. Any such plaintiff shall have fourteen (14) days from receipt of any such communication from the defendants to meet and confer with the defendants, if necessary, and to cure the deficiency.

9. In the event any such deficiency in the SFC is not cured, the defendants may seek dismissal of that plaintiff's case or other relief by filing a letter brief, pursuant to this Court's procedures, on the individual member case docket, and on the main MDL docket, No. 22md3043. The plaintiff will have

seven (7) days from the date of filing of any such letter to respond to the defendants' letter brief, and the defendants will have five (5) business days to reply.

IV. SERVICE OF SHORT FORM COMPLAINTS

10. For plaintiffs who have already filed complaints and served them on the defendants, such plaintiffs may effectuate service of the SFC on any appearing defendants' counsel by CM/ECF. Unless otherwise set forth below, plaintiffs who directly file cases in this MDL after the date or this Order, or whose cases are later transferred to this MDL, must effectuate service of process of the SFC in accordance with the Federal Rules of Civil Procedure and any previous or subsequent orders from this Court.

11. Service may be effectuated as to the following entities via the means set forth below.

a. Johnson & Johnson Consumer Inc.: Plaintiffs can effectuate service on Johnson & Johnson Consumer Inc. by emailing a fully executed copy of the Summons, Civil Cover Sheet, and SFC to APAP_JJCI_Service@btlaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall Johnson & Johnson Consumer Inc.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any

affiliated entity.

b. Costco Wholesale Corporation: Plaintiffs can effectuate service on Costco Wholesale Corporation by emailing a fully executed copy of the Summons, Civil Cover Sheet, and Short Form Complaint to APAP_Costco_Service@btlaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall Costco Wholesale Corporation's willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

c. CVS Pharmacy, Inc.: Plaintiffs can effectuate service on CVS Pharmacy, Inc. by emailing a fully executed copy of the Summons, Civil Cover Sheet, and SFC to APAP_CVS_Service@btlaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall CVS Pharmacy, Inc.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

d. Dollar Tree Stores, Inc.: Plaintiffs can effectuate service on Dollar Tree Stores, Inc. by emailing a fully executed copy of the Summons, Civil Cover Sheet and SFC to DollarTree-APAPMDL-Service@arnoldporter.com, which mailbox shall

respond with acknowledgment of same. Under no circumstances shall Dollar Tree Stores, Inc.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

e. Family Dollar Stores, LLC: Plaintiffs can effectuate service on Family Dollar Stores, LLC by emailing a fully executed copy of the Summons, Civil Cover Sheet and SFC to FamilyDollar-APAPMDL-Service@arnoldporter.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall Family Dollar Stores, LLC's willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

f. The Kroger Co.: Plaintiffs can effectuate service on The Kroger Co. by emailing a fully executed copy of the Summons, Civil Cover Sheet, and Short Form Complaint to Kroger APAPMDL-Service@stonedeanlaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall The Kroger Co.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

g. Walgreen Co.: Plaintiffs can effectuate service on Walgreen Co. by emailing a fully executed copy of the Summons, Civil Cover Sheet, and SFC to APAP_Walgreens_Service@btlaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall Walgreen Co.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

h. Walmart Inc.: Plaintiffs can effectuate service on Walmart Inc. by emailing a fully executed copy of the Summons, Civil Cover Sheet and SFC to APAP_Walmart_Service@kslaw.com, which mailbox shall respond with acknowledgment of same. Under no circumstances shall Walmart Inc.'s willingness to accept service via email be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

12. The failure to email a defendant's appropriate service email address, as set forth above, shall constitute a failure to effect service on that defendant.

13. Under no circumstances shall a defendant's agreement to accept service via email or any alternative means, pursuant to Paragraph IV.11, above, be deemed to waive any defenses

available to that defendant. Nor shall a defendant's agreement to accept service via email waive ordinary service requirements outside this MDL.

14. Co-Lead Counsel for the plaintiffs and other defendants' counsel shall confer regarding whether those defendants will accept service of SFCs via email or any other means, including via the Census platform currently contemplated by the Court. The parties shall report to the Court no later than **January 23, 2023**, regarding these discussions. In the interim, to the extent not covered by Paragraph IV.10, above, the plaintiffs must continue to serve any SFCs in accordance with the Federal Rules of Civil Procedure.

Dated: New York, New York
January 9, 2023

DENISE COTE
United States District Judge