```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :    22md3043 (DLC)
IN RE: Acetaminophen – ASD-ADHD     :    22mc3043 (DLC)
Products Liability Litigation       :
                                    :    ORDER: COMMON
----------------------------------- X    BENEFIT FUND
```

DENISE COTE, District Judge:

This MDL litigation is comprised of many individual actions. Some of the work performed and expenses incurred by certain plaintiffs' lawyers will accrue to the benefit of all or most plaintiffs in the MDL. In recognition of this reality, courts invoke the common benefit doctrine to impose assessments on settlements or judgments against a defendant for work done that benefits all or most of the MDL plaintiffs. See Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47 (2d Cir. 2000). Should such recoveries occur in this MDL, it is contemplated that the Court will establish a common benefit fund ("CB Fund"). This Order is entered to prepare for that possibility and to assist plaintiffs' counsel in their performance of common benefit work.

Among other things, this Order:

1. defines common benefit work and explains who will be entitled to receive materials generated by common benefit work;

2. describes the creation of a Plaintiffs' Steering

Committee Activities Fund ("PSC Activities Fund") to support ongoing common benefit work in this litigation;

3. sets out the procedures that eligible plaintiffs' attorneys must follow to be eligible to receive payment from the PSC Activities Fund or from a CB Fund the Court may establish; and

4. appoints a Special Master to assist in the administration of this process.

## I. SPECIAL MASTER

1. Pursuant to Federal Rule of Civil Procedure 53(a), the Court appoints Amy Gernon as the Special Master who will assist the Court with the management of the record keeping process for common benefit fund work, and should a CB Fund be established, with the management and administration of payments from such a fund ("CBF Special Master").

2. As required by Federal Rule of Civil Procedure 53(b)(1), the parties were given notice on November 17, 2022, and an opportunity to be heard regarding the appointment of a CBF Special Master. On December 7, all parties were given notice of the Court's consideration of Amy Gernon for that appointment. Objections to the appointment of Ms. Gernon were due on December 14, and no objection was filed. On December 8, Ms. Gernon filed a declaration that states that she has no

2

relationship that requires disqualification under the standards set out at 28 U.S.C. § 455.

3. During these proceedings, the CBF Special Master ("Special Master") and the parties shall notify the Court promptly if they become aware of any grounds that would require disqualification of Ms. Gernon to serve as the Special Master.

4. The Court directs the Special Master to proceed with all reasonable diligence in carrying out her duties as assigned by the Court.

5. Plaintiffs' counsel are responsible for the payment of the fees and expenses of the Special Master. The Special Master's fees and expenses will be paid monthly. The Special Master, and her agents and representatives, shall maintain billing records of the time spent on this matter, with descriptions of the activities and matters worked on, which shall be submitted to Co-Lead Counsel for the plaintiffs ("Co-Lead Counsel") on a periodic basis for review and payment.

6. The Special Master, and her agents and representatives, may communicate <u>ex parte</u> with the Court and with any party's counsel for the purpose of fulfilling her role and duties.

7. The Special Master shall make periodic reports to the Court regarding the work performed for the common benefit. Co-Lead Counsel may also request reports.

8. The Special Master will file any written reports, proposed orders, findings, and/or recommendations with the Court on the MDL docket 22md3043. Such filing will fulfill the Special Master's duty to serve the parties.

9. The Special Master will maintain files consisting of all documents submitted to her by the parties and of any of her written orders, findings, and/or recommendations.

## II. SCOPE OF ORDER

10. This Order applies to all "Participating Counsel" and "CB-Approved Counsel". Those terms are defined below.

11. In general, only Participating Counsel will receive access to any discovery and plaintiffs' work product materials produced through common benefit work by plaintiffs' counsel in this MDL. In return for that access, they must agree to contribute a portion of any recovery from the defendants to the CB Fund to the extent ordered by this Court.

12. In general, to receive payments from any CB Fund that may be established, plaintiffs' counsel must be approved as CB-Approved Counsel by Co-Lead Counsel and by the Court and must timely submit records of their common benefit work and expenses to the Special Master.

## III. COMMON BENEFIT WORK GENERALLY

13. Common benefit work is work performed by plaintiffs' counsel for the benefit of all or most plaintiffs. Common benefit

4

work includes motion practice, work on discovery, trial preparation, and settlement negotiation. Common benefit work does not include time spent on developing or processing individual issues in any case.

14. Except for work performed before the date of this Order, only work or expenses authorized by Co-Lead Counsel before the work is performed or the expense is incurred is eligible for consideration as common benefit work. The Special Master may at any time request verification of that prior authorization. Moreover, only time and expense entries that are determined by the Special Master, in consultation with Co-Lead Counsel or their designee, to be reasonable and appropriate will be eligible for reimbursement from any CB Fund.

IV. PARTICIPATING COUNSEL

15. A plaintiff's attorney who signs the Participation Agreement attached to this Order and returns the executed Participation Agreement to the Special Master, who signs the Confidentiality Agreement that will be issued in the MDL and returns the executed Confidentiality Agreement to the Special Master, and otherwise meets the requirements set forth below is a Participating Counsel. Participating Counsel are entitled to receive access to discovery materials obtained through and the work product generated by the common benefit work performed by plaintiffs' counsel in this MDL ("Material"). Access to such

Material will include access to a depository of discovery materials and, if appropriate, materials that will assist Participating Counsel in trying the related action they have filed, also known as the "trial package". In addition, Participating Counsel are prohibited from sharing any Material with anyone who is not also a Participating Counsel.

16. Attorneys who are eligible to become Participating Counsel are (1) plaintiffs' counsel in all cases in the MDL, including any cases after the date of this Order that are filed in, transferred to, or removed to this Court and not remanded for lack of subject-matter jurisdiction; and (2) any plaintiffs' attorneys who have filed related cases in a state court.

17. By executing the Participation Agreement, Participating Counsel agree (a) to the terms and conditions of this Order and any amendments to this Order, (b) to submit to this Court's jurisdiction, (c) in the event a CB Fund is established by this Court, not to object to an assessment to be paid from the recoveries in all filed and unfiled cases in state or federal court in which they share a fee interest, including in the event any defendant in a case to which this Order applies commences a case under either chapter 7 or chapter 11 of title 11 of the United States Code, and (d) that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and reimbursements from the CB Fund.

Participating Counsel waive any right to assert the lack of enforceability of this Order, waive the right to challenge this Order on any ground, and waive any right to appeal the decisions of this Court on the matters described in this Order.

V. CB-APPROVED COUNSEL

18. Only CB-Approved Counsel may recover from any CB Fund to be established by this Court. To become CB-Approved Counsel, an attorney must (1) be a Participating Counsel; (2) be approved by Co-Lead Counsel as CB-Approved Counsel; and (3) be approved by the Court as CB-Approved Counsel. On a periodic basis, Co-Lead Counsel, in consultation with the Special Master, will file a letter with the Court that lists attorneys who seek the Court's approval to become CB-Approved Counsel and provide relevant information for review of that application. With the exception stated below, CB-Approved Counsel may only recover from any CB Fund for work that was performed and expenses that were occurred after their appointment as CB-Approved Counsel and during the period of that appointment.

19. Attorneys holding roles in plaintiffs' leadership structure ("Structure"), as defined in the December 2, 2022 Order: Plaintiffs' Leadership or in amendments to that Order, are automatically CB-Approved Counsel from the date the Court approved their appointment to a position or a committee within the Structure and for the period of their appointment.

Attorneys holding roles in the Structure as of December 2, 2022 may recover from any CB Fund for work performed or expenses incurred by these attorneys since October 5, 2022, so long as that work and those expenses had the prior approval of Co-Lead Counsel.

20. For avoidance of doubt, to recover from any CB Fund, the work performed and expenses incurred by CB-Approved Counsel must have received prior approval from Co-Lead Counsel.

21. CB-Approved Counsel may utilize attorneys (contract or otherwise) and paralegals at their law firms and seek compensation from any CB Fund for that work without the person applying as well to be CB-Approved Counsel, as long as (a) Co-Lead Counsel has given prior approval for such work, (b) such personnel are bound by the Confidentiality Order entered in the MDL, and (c) the record of such work is timely submitted in accordance with this Order.

VI. ELIGIBLE COMMON BENFIT WORK AND HELD COSTS

22. The following work may be eligible for payment from any CB Fund that the Court may establish.

  i. <u>Pleadings/Briefing</u>. The time spent drafting, editing, and commenting upon pleadings, motions, briefing, and other written submissions to the Court.

  ii. <u>Depositions</u>. The time spent by CB-Approved Counsel designated by Co-Lead Counsel to take or defend a deposition; the time spent by one other attorney from his/her firm to assist with the deposition.

8

iii. <u>Conference Calls Among Plaintiffs' Counsel or Between Plaintiffs' Counsel and Defendants' Counsel</u>. The time spent in preparing for and participating in conference calls among plaintiffs' counsel or between plaintiffs' counsel and defendants' counsel by those attorneys designated by Co-Lead Counsel to run the call or provide reports during the call.

iv. <u>Conferences with the Court</u>. The time spent in preparing for and participating in court conferences by attorneys designated by Co-Lead Counsel to address issues that will be raised at the conference. If Co-Lead Counsel or the Court request other counsel to also be present for the conference, then their time may also be eligible for payment.

v. <u>Plaintiffs' Committee Meetings or Calls</u>. For purposes of committee meetings or conference calls, there is a presumption that the time of only one participant per law firm is eligible for payment.

vi. <u>Identification of and Work with Experts</u>. Where prior authorization has been given by the Chair of the Science & Expert Committee, the time spent identifying and working with experts.

vii. <u>Review of Discovery</u>. Time spent by attorneys who have been designated by Co-Lead Counsel to review and summarize discovery may be eligible for reimbursement. The authorized document review may include either review of an assigned population of documents (<u>e.g.</u>, a specific custodian file or batch of documents) or may encompass the search and review of documents related to a specific topic. The review done in a designated attorney's office must be performed by appropriately trained individuals selected by the designated attorney. Work by attorneys who are hired as contract attorneys will not be eligible without the prior written authorization of Co-Lead Counsel.

viii. <u>Review of Pleadings and Orders</u>. Time spent by those attorneys designated by Co-Lead Counsel to review or summarize pleadings or Orders in the MDL. Time spent by Co-Lead Counsel, Liaison Counsel, and members of the Plaintiffs' Executive Committee ("PEC") in reviewing Orders of the Court relevant to their roles in leadership.

9

    ix.    <u>Settlement Proceedings and Bellwether Trials</u>.  In the event that a case is selected for early settlement proceedings or as a bellwether trial, the work performed on the case following its selection.

    x.    <u>Liaison Counsel Administration</u>.  Time spent by Plaintiffs' Liaison Counsel and attorneys assisting Liaison counsel managing communications with plaintiffs, advising plaintiffs' counsel of filings and other documents, responding to requests from the Court, attending and preparing for hearings and conferences, assisting in managing the process for tracking and auditing common benefit time and expenses and related matters, and otherwise coordinating activities among plaintiffs' counsel.

    xi.    <u>Paralegal Work</u>.  Work performed by paralegals is subject to the same procedures and requirements set forth in this Order.

23.  Unless work has received prior approval from Co-Lead Counsel or their designee as common benefit work, for example, as described above, it is not eligible for reimbursement.  Work that is generally ineligible for compensation from a CB Fund in the absence of prior approval includes attendance at a deposition, a plaintiffs' conference call or committee meeting, a court conference, and a seminar; reviewing court Orders and filings, discovery, and email communications; recruiting and communicating with clients; and developing experts.  In the event a CB-Approved Counsel is unsure if the activity he or she is about to undertake is considered common benefit work, the attorney must ask Co-Lead Counsel and receive authorization in advance in order to be eligible for payment.

24.  "Held Costs" are expenses incurred by CB-Approved

10

Counsel in connection with common benefit work authorized by Co-Lead Counsel that are carried by each attorney until such time as Co-Lead Counsel determines that a claim for reimbursement may be submitted to any CB Fund that may be established. Only reasonable expenses, consistent with the limitations discussed herein and incurred in connection with authorized common benefit work, will be eligible for reimbursement. Compliance with the below guidelines renders Held Costs eligible for reimbursement but does not mean that reimbursement will be made.

25. All expense submissions for Held Costs must include (a) the date the expense was incurred, (b) the category of the expense, (c) the dollar amount of the expense, (d) the person who incurred the expense, (e) a short and clear description of the expense, and (f) a receipt verifying the dollar amount of the expense. CB-Approved Counsel must submit receipts for the expenses. If a receipt is not available, copies of checks or credit card statements reflecting the date of the expense, nature of the expense, and amount of expense may be submitted so long as accompanied by a declaration from counsel that the expense was incurred while performing authorized work for the common benefit.

26. Except in extraordinary circumstances approved by the Special Master, all travel expenses are Held Costs and are subject to the following limitations:

   i.   Airfare. Only the price of the lowest available,

11

        convenient coach fare seat will be reimbursed. That price is for a reservation that permits rebooking without surcharge. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If non-coach travel is elected, the applicant is required to document what the lowest available, convenient coach fare in effect was at that time.

  ii.  <u>Hotel</u>. Hotel room charges for the average available room rate of a business hotel (such as the Hilton, Westin, or Marriott chains) will be reimbursed. If luxury accommodation is elected, the applicant is required to document what the average available room rate of a business hotel was for the relevant dates.

 iii.  <u>Meals</u>. Meal expenses must be reasonable. Meal expense submissions must identify the attendees for that meal. Expenses for meals that significantly exceed the meal allowances for federal employees will not be approved. There will be no reimbursement for alcoholic beverages, room service, mini-bar items, or movies.

  iv.  <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $50 per trip so long as the expenses are properly itemized.

   v.  <u>Rental Automobiles</u>. Non-luxury vehicle rates will be reimbursed. If luxury automobiles are selected, then the applicant is required to document the non-luxury vehicle rates for the relevant period and location.

  vi.  <u>Mileage</u>. Mileage claims must be documented by identification of origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS as of the date of the trip.

27. Except in extraordinary circumstances approved by the Special Master, all non-travel expenses are Held Costs and are subject to the following limitations:

    i.   <u>Shipping, Overnight, Courier, and Delivery Charges</u>. All claimed common benefit shipping, overnight mail, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    ii.   <u>Postage Charges</u>. A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

    iii.   <u>Photocopying</u>. Whether for internal or external copying services, the maximum copy charge is $0.20 per page for black and white copies and $0.35 per page for color copies. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.

    iv.   <u>Computerized Research -- Lexis/Westlaw</u>. Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged the firm and appropriately allocated for these research services.

28. Among the categories of expenses that are not eligible for CB Fund reimbursement are firm overhead (including but not limited to expenses for office supplies or equipment, standard phone or internet service, maintenance of firm's website, etc.), advertising and marketing expenses, or expenses associated with client recruitment or client acquisition.

## VII. PSC ACTIVITIES FUND

29. To pay certain expenses incurred in the course of common benefit work ("Shared Costs"), Co-Lead Counsel may impose assessments on law firms whose members have been appointed to positions within the Structure. Co-Lead Counsel will place such assessments in a segregated, interest-bearing, administrative

13

account (the "PSC Activities Fund") at a federally-insured banking institution. Co-Lead Counsel or its designee will manage the PSC Activities Fund and pay Shared Costs, as needed, after receiving approval from the Special Master.

30.  An assessed firm will have twenty-eight (28) days to deposit its assessment into the account holding the PSC Activities Fund.  If a firm has not deposited its assessment within twenty-eight (28) days, any work performed while the firm is in arrears will not be eligible for compensation from the CB Fund.  Failure to deposit assessments on a timely basis will be considered during the Court's annual leadership reappointment process.

31.  Any amounts that a law firm is assessed and has deposited into the PSC Activities Fund, reduced by any refunds, are eligible for reimbursement from any CB Fund that may be created.  In the event a CB Fund is created, the Special Master will set forth a process for reimbursement.

### VIII. SHARED COSTS PAID BY PSC ACTIVITIES FUND

32.  Shared Costs that may be paid from or reimbursed by the PSC Activities Fund include:

   i.   Deposition and court reporter costs;
   ii.  Expert witness and consultant fees and expenses;
   iii. Fees and costs for court-appointed Special Masters;
   iv.  Fees and costs for retained vendors performing work on

behalf of all plaintiffs, including but not limited to (a) an MDL claims data platform; (b) an ESI document depository and review platform; and (c) a platform for the recording of time and expenses incurred by CB-Approved Counsel ("T-E Platform").

v. Translation services (if any).

## IX. RECORDKEEPING OF FEES AND EXPENSES

33. In order to facilitate recordkeeping for both the PSC Activities Fund and any CB Fund, CB-Approved Counsel will submit time and expenses using the T-E Platform. The Special Master, in consultation with Plaintiffs' Liaison Counsel, will approve the contract for this service and will set forth procedures to be used in conjunction with the T-E Platform.

34. To be eligible for payment from either the PSC Activities Fund or any CB Fund, all documentation for Shared Costs and Held Costs, and all invoices for professional services, including for services rendered by plaintiffs' counsel and staff, plaintiffs' experts, and other consultants for plaintiffs, must be timely submitted by CB-Approved Counsel to the Special Master through the T-E Platform. Those submissions must conform to the following requirements:

   i. An invoice for services must reflect time worked in one-tenth (0.1) hour increments;

   ii. An invoice for services must contain a sufficiently detailed description to allow a reviewer to understand what work was performed and by whom;

   iii. Any submission must be accompanied by a statement from the submitting attorney that (a) the attorney has

        reviewed the invoice; (b) that the invoice reflects the work performed, adequately describes the work performed, is reasonable in light of the work performed, and conforms to the requirements of this Order; and (c) the attorney and their firm consent to this Order and to the waiver of rights described in this Order;

   iv.   Any submission must be accompanied by a statement identifying by name the Co-Lead Counsel or their designee who gave prior approval for this work or expense;

   v.   Any submission, with the one exception described below, must be submitted by the 20th day following the month in which the work was performed or the expense incurred; and

   vi.   Any submission must be made through the T-E Platform authorized by the Special Master.

    35.   The first reporting period will be from October 5, 2022 (the date of the MDL transfer order) through January 31, 2023. Time and expense submissions for that period will be due by February 17, 2023. For the avoidance of doubt, common benefit work performed and expenses incurred between October 5, 2022 and before December 2, 2022, if it otherwise meets the requirements of this Order, is eligible for reimbursement from any CB Fund.

    36.   The grounds for denying the recovery of fees or reimbursement of expenses include the following: the submission of excessive common benefit time and expense entries; the failure to timely secure authority to incur common benefit time and expenses; the failure to maintain and timely provide records of activity and expenses through the T-E Platform; and the failure to provide a sufficient description of activity. Time

16

spent by the Special Master and any enlisted attorneys for purposes of reviewing common benefit time and expenses is eligible for common benefit reimbursement.

37. In the event there is a dispute regarding whether an expense is to be paid from the PSC Activities Fund, or whether an attorney time submission or Held Cost submission is proper, the Special Master, in consultation with Co-Lead Counsel, will make the final determination.  An appeal to the District Court from any denial must be made within fourteen (14) days of a final determination by the Special Master.

38. If a CB Fund is established, requests for payment will be made through a process to be described by the Special Master, after the Court establishes such a fund.

SO ORDERED:

Dated: New York, New York
       January 9, 2023

_____
DENISE COTE
United States District Judge