UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                  :       22md3043 (DLC)
IN RE: Acetaminophen – ASD-ADHD   :       22mc3043 (DLC)
Products Liability Litigation       :
                                  :       PROTECTIVE ORDER
------------------------------------ X

DENISE COTE, District Judge:

## I.   SCOPE OF ORDER

1.   Application.  This Protective Order applies to all
documents, the information contained therein, and all other
information produced or disclosed in connection with the
above-captioned matter, including all copies, excerpts,
summaries, or compilations thereof, whether revealed in a
document, deposition, other testimony, discovery response, or
otherwise, by the party producing or disclosing the
information ("Producing Party") to any other party
("Receiving Party").  This Order is binding upon the parties,
including their respective corporate parents, subsidiaries,
and affiliates, and including their respective attorneys,
agents, experts, consultants, representatives, officers,
employees, and others as set forth in this Order.  This Order
also is binding on any person who obtains any documents or
other Confidential Information or Highly Confidential
Information produced or disclosed in connection with the

above-captioned matter pursuant to this Order.

2.   <u>No Effect on Admissibility.</u>  Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

II.  <u>DESIGNATION OF CONFIDENTIAL MATERIAL AND HIGHLY CONFIDENTIAL MATERIAL</u>

3.   <u>Definition of Confidential Information.</u>  "Confidential Information" as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  Irrespective of any unilateral designation by the Producing Party, this definition or the scope of this Order does not confer a blanket protective order as to all documents, data or information produced, but is limited to only those materials that are protected by Rule 26(c) or other applicable authority.

4.   <u>Definition of Highly Confidential Information.</u>

"Highly Confidential Information" as used herein is
Confidential Information which, if disclosed to a Competitor,
could result in possible antitrust violations or substantial
business harm to a Producing Party.  Materials containing
corporate trade secrets, nonpublic research and development
data, including, but not limited to, cost data, pricing
formulas, inventory management programs, and other sales or
business information not known to the public; information
obtained from a non-party pursuant to a non-disclosure
agreement; and customer-related Protected Data shall be
deemed Highly Confidential.  In designating discovery
materials as "HIGHLY CONFIDENTIAL", the Producing Party will
make such designation only as to that information that the
Producing Party in good faith believes to be entitled to
highly confidential treatment.  For purposes of this Order,
the term "Competitor" shall mean any company or individual,
other than the Producing Party, that is or intends to be
engaged in the design, development, manufacture, regulatory
review process, sale, and/or marketing of any over-the-
counter pain medication.  Protected Data shall refer to any
information that a party believes in good faith to be subject
to federal, state or foreign data protection laws or other
privacy obligations.  Examples of such data protection laws

3

include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Where this Order uses the term "Confidential Information," it shall apply equally to Highly Confidential Information unless otherwise specified.

5. <u>Designation of Confidential Information Generally.</u> Specific documents and discovery responses produced by a Producing Party shall, if appropriate, be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by marking the pages of the document that contain Confidential Information as follows: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER." Except as provided in paragraphs 8, 9, and 26, documents that do not bear either of the foregoing designations are not Confidential Information as that term is used in this Order. A Producing Party must have a good faith basis for designating material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6. <u>Designation of Electronic Media by Cover Letter.</u> To the extent that matter stored or recorded in the form of

electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the Producing Party may designate such matters as Confidential or Highly Confidential by cover letter referring generally to such matter.  Whenever any party to whom Computerized Material designated as Confidential or Highly Confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

7.   Redaction.  In order to protect against unauthorized disclosure of Confidential Information or Highly Confidential Information, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents, materials, or other things.  The basis for any such redaction shall be stated on the face of the document

5

and/or in the metadata produced pursuant to the Order for
Establishing Electronically Stored Information Protocol or, in
the event that such metadata is not technologically feasible, a
log of the redactions.  Privilege redactions will state, over
the redacted portion, "Redacted – Privileged."  Redactions of
emails will not redact the names of recipients or the subject
line of the emails, unless the subject line is itself privileged
or contains the sensitive information described above, in which
case only so much of the subject line will be redacted as may be
needed.  Specifically, the Producing Party may redact or de-
identify:

> a. Information subject to non-disclosure obligations
> imposed by governmental authorities, law or
> regulation;
>
> b. Personally Identifying Information: The names,
> addresses, Social Security or tax identification
> numbers, personally identifying information of minors,
> and other personally identifying information of
> employees (other than employees' names), patients,
> health care providers, and individuals in clinical
> studies or adverse event reports whose identity is
> protected by law, provided, however, that other
> general identifying information, such as patient or
> health care provider numbers, shall not be redacted
> unless required by federal law; and/or
>
> c. Trade secrets: as that term is defined in this Order
> and by applicable law relates, but is not limited,
> to how Defendants manufacture their medications,
> including the percentage of ingredients in the
> medications; instructions for manufacturing the
> medications; the names of suppliers of products used
> in manufacturing the medications; batch sizes used
> to manufacture the medications; certificates of

6

analysis or specifications; stability testing, protocols, and results; and impurity testing, protocols, and results; and/or

d.   Other products: Information relating to products manufactured or sold by Defendants other than Tylenol/Acetaminophen except that: (1) Defendants' redactions relating to other products must be reasonable; and (2) Defendants may not redact information regarding other over-the-counter pain medication.[1]

e.   Privileged Information: Information protected from disclosure by the attorney- client privilege, work-product doctrine, or other such legal privilege protecting information from discovery in this Litigation.  The obligation to provide, and form of, privilege logs will be addressed by separate Order.

8.   Adverse Event Information Is Confidential Even If Not Designated.  Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 21 C.F.R. § 20.63(f), the names (unless obtained from persons reporting their own adverse experiences) of persons and the names of any patients (unless obtained from documents in the public domain) that are not redacted pursuant to paragraph 7(a), shall be treated as confidential, regardless of whether the document containing such names is designated as Confidential Information.  No such person shall be contacted, either directly or indirectly, based on the information so disclosed by the Producing Party without the express written permission of the

---

[1] Defendant Walmart does not agree that they may not redact information regarding other over-the-counter pain medication in connection with Phase 2 discovery and will meet and confer with Plaintiffs on that issue at the appropriate time.

Producing Party.

9. <u>Material Made Available for Inspection Is Highly Confidential Until Delivered.</u> Any material produced or provided for inspection is to be treated by the Receiving Party as Highly Confidential pending the copying and delivery of any copies of the same by the Producing Party to the Receiving Party.

10. <u>Confidentiality of Deposition Testimony.</u> Information disclosed at a deposition taken in connection with the above-captioned matter may be designated as Confidential Information or Highly Confidential Information by: (a) designating specific testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential or highly confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Producing Party's receipt of the final transcript of the deposition. However, any such designation must be limited to only those portions of any deposition where such information is discussed; this paragraph is not intended to confer a blanket designation of the entire deposition transcript. The court reporter will indicate the portions designated as Confidential and Highly Confidential and

segregate them from the remainder of the transcript, or will utilize an alternate procedure per any agreement of the parties.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Highly Confidential-Subject to Further Confidentiality Review."  Such transcript will be treated as Highly Confidential until the expiration of the 30-day period; provided, however, that a deponent may review the transcript of that deponent's own deposition during the 30-day period prescribed by Rule 30(e) of the Federal Rules of Civil Procedure.  Absent agreement between the parties, such blanket designation shall expire at the end of the 30-day period, and the Producing Party may not designate the entire transcript as confidential in an attempt to extend the 30-day period, but instead must file a motion for an extension of time to submit designations.

   11.  Designation of Information Produced by Other Parties. This Order may be used by third parties producing documents in connection with this action.  Third parties may designate information as Confidential or Highly Confidential.  A party may designate as Confidential Information or Highly Confidential Information any document or information produced by or

testimony given by any other person or entity that the party

reasonably believes qualifies as its own Confidential

Information or Highly Confidential Information pursuant to this

Order.  If any third party produces information that any

party in good faith believes constitutes its own Confidential

Information or Highly Confidential Information, the party

claiming confidentiality shall designate the information as

such within twenty-one (21) days of its receipt of such

information.  Absent agreement of the parties, the party

claiming confidentiality may not designate the entire

production by the third party as confidential in an attempt

to extend the 21-day period, but instead must file a motion

for an extension of time to submit designations.  Any party

receiving information from a third party shall treat such

information as Highly Confidential during this period while

all parties have an opportunity to review the information and

determine whether it should be designated as confidential.

Any party designating third party information as confidential

shall have the same rights as a Producing Party under this

Order with respect to such information.  Additionally, third

parties who so elect may avail themselves of, and agree to be

bound by, the terms and conditions of this Order and thereby

become a Producing Party and/or Receiving Party for purposes of

this Order.

## III. PERMISSIBLE DISCLOSURE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

12. <u>To Whom Confidential Information May Be Disclosed.</u>  A Receiving Party may show and deliver Confidential Information only to the following persons:

a.   Counsel for the Receiving Party in this action, including any in-house and outside counsel for each party and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action;

b.   With respect to any Confidential Information produced by the Plaintiff or any third party with respect to the Plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such Confidential Information for purposes of the litigation;

c.   Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

d.   Any witness for the purpose of conducting an examination of such witness during a closed hearing or deposition; provided, however, that: (1) Confidential Information shall not lose its confidential or restricted status through such use; (2) the witness is instructed at the proceeding that by attending and participating in such proceeding the document(s) is/are subject to this Order and its terms; and (3) a copy of this Order shall be provided to the witness, and any counsel for the witness;

e.   Stenographic employees and court reporters recording or transcribing testimony;

11

    f.    Other Plaintiffs' attorneys representing claimants or plaintiffs who allege prenatal exposure to acetaminophen products causes ASD and ADHD, so long as: (1) the court(s) in any filed cases first have entered a substantially similar protective order and the Producing Party is also a party to that action; (2) where a Plaintiffs' counsel has not yet filed a case, such other attorneys individually have signed the Acknowledgment described in paragraph 21 herein, in which event Counsel for the Receiving Party shall maintain copies of such Acknowledgements; or (3) with the written consent of Defendants' Counsel; and

    g.    The Court and any members of its staff to whom it is necessary to disclose Confidential Information.

13.    <u>To Whom Highly Confidential Information May Be Disclosed.</u>  A Receiving Party may show and deliver Highly Confidential Information only to the following persons:

    a.    Counsel for the Receiving Party in this action, including any in-house counsel, co-counsel and outside counsel for each party, paralegals, stenographic, and clerical staff employed by such counsel or used as independent contractors for such counsel, and experts retained by a party in this action, to whom it is reasonably necessary to disclose the Information for purposes of this litigation;

    b.    With respect to any Highly Confidential Information produced by the Plaintiff or any third party with respect to the Plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such Highly Confidential Information for purposes of the litigation;

    c.    Any witness for the purpose of conducting an examination of such witness during a closed hearing or deposition, other than a witness who works for, consults with, or otherwise communicates with a Competitor on issues relating to over-the-counter pain medication; provided, however, that: (1) Highly Confidential Information shall not lose its confidential or restricted status through such use; (2) the witness is instructed at the proceeding that

by attending and participating in such proceeding they
are bound by this Order and its terms; and (3) a copy
of this Order shall be provided to the witness, and
any counsel for the witness;

d.   Stenographic employees and court reporters recording
or transcribing testimony;

e.   Other Plaintiffs' attorneys representing claimants
or plaintiffs who allege prenatal exposure to
acetaminophen products causes ASD and ADHD, so long
as: (1) the court(s) in any filed cases first have
entered a substantially similar protective order and
the Producing Party is also a party to that action;
(2) where a Plaintiffs' counsel has not yet filed a
case, such other attorneys individually have signed
the Acknowledgment described in paragraph 21 herein,
in which event Counsel for the Receiving Party shall
maintain copies of such Acknowledgements; or (3)
with the written consent of Defendants' Counsel; and

f.   The Court and any members of its staff to whom it is
necessary to disclose Highly Confidential Information.

14.   <u>Disclosure of Highly Confidential Information to
Agents, Outside Consultants, or Experts.</u>   Before disclosing

Highly Confidential Information to any person, the party wishing

to make such disclosure shall inquire of the individual whether

he or she is currently employed by or currently consults with a

Competitor (as that term is defined herein) regarding any

pharmaceutical product designed, developed, tested,

manufactured, sold, marketed, or used as an over-the-counter

pain medication.   If the individual is currently employed by or

currently consults with a Competitor (as defined herein), the

party wishing to make such disclosure shall give at least seven

(7) days' advance notice in writing to the counsel for the Producing Party who designated such information as Highly Confidential, stating the nature of that person's affiliation with a Competitor. If, within the 7-day period, the Producing Party objects to the proposed disclosure, then the parties shall meet and confer with respect to the Producing Party's objection, including regarding whether additional information is needed, such as the identity of the individual, during which time the party seeking disclosure may not disclose any Highly Confidential Information to that person. If the parties are unable to reach agreement within an additional seven (7) days, the Producing Party may file a motion for an additional protective order to prevent the disclosure. The party seeking disclosure may not disclose any to the person until thirty (30) days have elapsed after the date of the Court order denying the motion, subject to any subsequent orders of the Court or the applicable appellate court during that time period. If the Court allows disclosure of the Information, the Information remains, and the person shall be bound by this Order. This disclosure obligation shall be a continuing one; if an outside consultant or expert is going to work for, consult with, or otherwise communicate with a Competitor regarding any over-the-counter pain medication, counsel for the party consulting with

14

that person shall provide the notice required by this paragraph.

15.  Restriction on Disclosure to Direct Competitors.  This provision concerns restrictions for direct competitors that are parties to this lawsuit and is not applicable to Plaintiffs. Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.  If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

16.  Disclosure to Others Requires Consent or Court Order.  Disclosure of Confidential Information or Highly Confidential Information beyond the terms of this Order may be made only if the Producing Party designating the material as Confidential Information consents in writing to such disclosure, or the Court orders such disclosure.  The terms of this Order shall not apply to any publicly available information or documents.

IV.  USE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL
     INFORMATION

17.  Confidential Information and/or Highly Confidential
Information May Be Used Only in this Matter.  Except as noted
above in paragraphs 12(a) and (g) and paragraphs 13(a) and
(f), or further order of this Court, the documents, the
information contained therein, and all other information
produced or disclosed during this matter shall be used solely
for the purposes of discovery, hearings, trial, appeal,
and/or settlement of the above-captioned matter, and shall
not be used in any other proceeding or action, unless the
same discovery has been produced in a "Related Action" as
defined the forthcoming Order on the coordination of state and
federal litigation.

18.  Order Shall Not Restrict Advice to Clients.
Notwithstanding any other provisions hereof, nothing herein
shall restrict any party's counsel from rendering advice to its
or their clients with respect to this matter or related actions
in which the Receiving Party is permitted by this Order to use
Confidential Information and/or Highly Confidential Information
and, in the course thereof, relying upon Confidential
Information and/or Highly Confidential Information, provided
that in rendering such advice, counsel shall not disclose any

16

other party's Confidential Information and/or Highly
Confidential Information other than in a manner provided for in
this Order.

19.  Use of Party's Own Confidential Information and
Highly Confidential Information.  Nothing contained in this
Order shall preclude any party from using its own
Confidential Information or Highly Confidential Information in
any manner it sees fit, without prior consent of any party or
the Court.

V.   PROTECTION OF CONFIDENTIAL INFORMATION AND HIGHLY
             CONFIDENTIAL INFORMATION

20.  All Reasonable and Necessary Steps to Assure
Confidentiality of Confidential Information and Highly
Confidential Information.  Counsel shall take all reasonable
and necessary steps to assure the security of any
Confidential Information or Highly Confidential Information
and will limit access to Confidential Information or Highly
Confidential Information to those persons authorized by this
Protective Order.  In particular, if counsel for any party
makes documents produced pursuant to this Order available via
the Internet, such counsel shall take all reasonable and
necessary steps to ensure that the Internet site is secure

and may not be accessed by individuals who are not authorized to review Confidential Information or Highly Confidential Information and who have not executed the Acknowledgment described in paragraph 21 herein.  At a minimum, any Internet site must require each individual user to have a distinct log-in and password.

    21.  <u>Acknowledgments for Certain Recipients.</u>  Prior to the disclosure of any Confidential Information to any person (other than the Court and its staff) identified in paragraph 12(c) and (d), or Highly Confidential Information to any person identified in paragraph 13(b) and (c), each putative recipient of Confidential Information or Highly Confidential Information shall be provided with a copy of this Order, which he or she shall be requested to read.  Upon reading this Order, such person shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide by its terms.  All such persons shall be advised that they are bound by the terms of this Order.  Counsel who provides Confidential Information or Highly Confidential Information to such persons shall maintain signed Acknowledgments but need not provide the Acknowledgments to the other party absent agreement

of the parties or further order of the Court for good cause
shown.

22. Notice of Receipt of Subpoena Pertaining to any
Discovery Materials.  Any party that is served with a
subpoena or other notice compelling the production of
discovery materials produced by another party must
immediately give written notice of such subpoena or other
notice to the original Producing Party and shall object to
the production of such materials on the grounds of the
existence of this Order.  Upon receiving such notice, the
original Producing Party shall bear the burden of opposing,
if it deems appropriate, the subpoena on grounds of
confidentiality.  Compelled compliance by the Receiving Party
with any order of a court directing production of any
Confidential Material, shall not constitute a violation of
this Order.

23. Confidentiality Extends to Work Product.  All
counsel shall at all times keep secure all notes,
abstractions, or other work product derived from or
containing Confidential Information or Highly Confidential
Information; shall be obligated to maintain the confidentiality
of such work product; and shall not disclose or reveal the
contents of said notes, abstractions or other work product

after the documents, materials, or other things, or portions
thereof (and the information contained therein) and
information are returned and surrendered.  Nothing in this
Order requires the Receiving Party's counsel to disclose work
product at the conclusion of the case.

24.  <u>Notice of Unauthorized Disclosure.</u>  If a Receiving
Party learns of any unauthorized disclosure of Confidential
Information or Highly Confidential Information or any other
breach of the provisions of this Order, the party shall
immediately, upon learning of such disclosure, inform the
Producing Party of all pertinent facts relating to such
disclosure and shall make all reasonable efforts to prevent
disclosure by each unauthorized person who received such
information.

25.  <u>Return of Confidential Information and Highly</u>
<u>Confidential Information upon Conclusion of this Matter.</u>
Within sixty (60) days of the final termination of this Action
(whether by judgment, settlement, or otherwise, including any
appeals related thereto), or any related litigation in which a
Producing Party has produced documents subject to this Order,
each party or non-party to whom any materials were produced
shall, without further request or direction from the
Producing Party promptly destroy all documents, items or data

received including, copies in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. The Receiving Party shall submit a written certification to the Producing Party by the 60-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies of the Confidential Material. Notwithstanding this provision, all counsel are entitled to retain an archival copy of filings, depositions, and deposition exhibits. Counsel for the Receiving Party may retain their privileged communications, work product, Acknowledgments pursuant to paragraph 21, and all court-filed documents even though they contain discovery materials produced by the Producing Party, but such material shall remain subject to the terms of this Order.

VI.  CHANGES IN AND OBJECTIONS TO DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

26.  Inadvertent Production Does Not Waive Confidentiality. Inadvertent production of any document or information without a designation of confidentiality will not

be deemed to waive a later claim to its confidential nature or preclude the Producing Party from designating said document or information as confidential at a later date.

27. Designations After Production. Any Producing Party may designate as Confidential Information or Highly Confidential Information or withdraw a Confidential Information or Highly Confidential Information designation from any material that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation. Upon receipt of any re-designation that designates material as Confidential Information or Highly Confidential Information, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Section III; and (iv) give the Producing Party written assurance that steps (i)-(iii) have been completed.

28. Challenges to Confidentiality Designations. A

Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and based on a legitimate, litigation-based reason, and must first serve a written objection stating their need to dispute the designation upon the Producing Party's counsel.  The Producing Party's counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, facsimile transmission, or e-mail with .pdf attachment) to such objection in writing by either (i) agreeing to remove the designation, or (ii) stating the reasons for such designation.  If the Receiving Party thereafter elects to press a challenge to the designation, the Receiving Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed by this paragraph and that sets forth with specificity the justification for the designation that was given by the Producing Party in the meet and confer dialogue.

The burden of proof to maintain confidentiality is on the Producing Party, and the Receiving Party does not bear that burden.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VII. FILINGS

29.  <u>Filing Papers in Court Records.</u>  In the event that counsel for any party or nonparty seeks to file documents under seal or to redact Information from publicly filed documents, counsel must comply with this Court's Individual Practices in Civil Cases, effective April 1, 2021, which provides:

> Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6, available at https://nysd.uscourts.gov/rules/ecf-related-instructions.

> The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously
filed under seal in the ECF system and electronically
related to the motion.  The summary docket text, but
not the sealed document, will be open to public
inspection and should not include confidential
information sought to be filed under seal.

Where the motion seeks approval to redact information
from a document that is to be publicly filed, the
filing party shall: (a) publicly file the document with
the proposed redactions, and (b) electronically file
under seal a copy of the unredacted document with the
proposed redactions highlighted.  Both documents must
be electronically filed through the ECF system and
related to the motion.

30.  A party's description of Information as Confidential
or Highly Confidential will not, by itself, be sufficient to
support the redaction or sealing of the Information.  "[A]
presumption of public interest attaches" to judicial documents.
Olson v. Major League Baseball, 29 F.4th 59, 89 (2d Cir. 2022).
The First Amendment "requires a court to make specific, rigorous
findings before sealing the document or otherwise denying public
access."  Bernstein v. Bernstein Litowitz Berger & Grossmann
LLP, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted).  When
making requests to redact or seal material, a party should
include in a publicly filed letter any proposed findings that
support the request.

VIII.    INADVERTENT DISCLOSURE

31.  No Waiver of Privilege or Work Product.  If a party
discloses information ("Disclosing Party") subject to a

claim of attorney-client privilege or attorney work-product

protection or some other legal privilege or doctrine

protecting information from disclosure or is beyond the

scope of discoverable material set forth in Federal Rule of

Civil Procedure 26(b)(1) or any applicable state-law

equivalent, the disclosure of the information ("Protected

Information") shall not constitute or be deemed a waiver or

forfeiture of any claim of privilege or work-product

protection or non-discoverability under Rule 26(b)(1) or any

applicable state-law equivalent that the Disclosing Party

would otherwise be entitled to assert with respect to the

disclosed information and its subject matter.  This provision

is, and shall be construed as, an Order providing the maximum

protection allowed under Federal Rule of Evidence 502(d) and

shall be enforceable and granted full faith and credit in all

other state and federal proceedings by 28 U.S. Code § 1738.

Accordingly, as explicitly set forth in Rule 502(d), a

party's production of Protected Information, whether

inadvertent or intentional, is not a waiver of any privilege

or protection "in any other federal or state proceeding."  In

the event of any subsequent conflict of law, the law that is

most protective of privilege and work product shall apply.

Nothing contained herein is intended to or shall serve to

limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

32. <u>Procedure in Event of Inadvertent Disclosure.</u>  In the event that Protected Information is inadvertently disclosed, such information may be retrieved by the Producing Party by giving written notice to the Receiving Party (which notice shall state the nature of the privilege or doctrine at issue and identify the document(s) by Bates number).  Upon receipt of such notice, the Receiving Party shall, within fourteen (14) calendar days of receipt of that notice, return or destroy all copies of the inadvertently disclosed Information and provide a certification of counsel that all such inadvertently disclosed Information has been returned or destroyed.  The Receiving Party may thereafter move the Court for an order compelling production of the inadvertently disclosed Information, and the Parties shall meet and confer within thirty (30) days of the Receiving Party's receipt of the Producing Party's notice.  Such a motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure of the Disclosed Information.  Nothing in this

provision shall affect the ability of the parties to challenge the Confidentiality of the documents or the alleged inadvertent nature of the disclosure.  The burden of proof to continue such designation shall remain upon the Producing Party.  If it is clear to the Receiving Party that a produced document or other information is subject to a claim of privilege based on information apparent on the face of the document, then the Receiving Party shall immediately sequester and cease use of the document or information, and inform the Producing Party of the information.  By way of example, an email with the subject line "Confidential Attorney-Client Privilege" should be immediately sequestered and the Producing Party informed thereof.

## IX.  MISCELLANEOUS PROVISIONS

33.  Reliance on Order.  It is expressly understood by and between the parties that in producing Confidential Information or Highly Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.  The parties further acknowledge that their attorneys, listed below, have actual authority to execute this and other discovery agreements on behalf of their respective client(s).

34.  Modification and Survival After Termination of This Matter.  The terms of this Order may be amended or modified only

by written agreement of the parties, or upon motion and order of the Court. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding or other related proceedings.

35.  No Impact on Defendants' Regulatory Reporting. Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Defendants' ability to review Plaintiffs information and report such information to any applicable regulatory agencies.

36.  In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed the agreement of counsel to be fully bound by this Order. This shall apply to counsel in state actions operating in concert with MDL discovery.

SO ORDERED:

Dated:      New York, New York
            January 18, 2023

                                    _____
                                    DENISE COTE
                                    United States District Judge

**EXHIBIT A – ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

My name is _____

I am employed by _____

My full business address is _____

My telephone number is _____

I have read in its entirety and understand the Protective Order ("Order") entered into between Plaintiffs and Defendants in the case *In re: Acetaminophen ASD-ADHD Products Liability Litigation,* Case No. 22md3043, on ____. I understand I may receive Confidential Information or Highly Confidential Information as described in the Order. By executing this Acknowledgement, I agree to comply with and to be bound by all the terms of the Order. I agree not to disclose Confidential Information or Highly Confidential Information as described in the Order to any person not entitled to receive it and agree not to use such information except as permitted by this Order.

**FOR INDIVIDUALS RECEIVING HIGHLY CONFIDENTIAL INFORMATION:**
I certify that I am not currently employed by and do not currently consult with any Competitor (as that term is defined in the Order) regarding any pharmaceutical product designed, developed, tested, manufactured, sold, marketed, or used as an over-the-counter pain medication, or, if I cannot so certify, I understand that counsel for the party wishing to consult with me may disclose my name, address, and the nature of my affiliation with a Competitor to the Producing Party prior to disclosing Highly Confidential Information to me. I further understand that if I intend to work for, consult with, or otherwise communicate with any Competitor regarding any over-the-counter pain medication, I must immediately notify counsel for the party wishing to consult with me so they may make the necessary disclosure.

I understand and acknowledge that failure to comply with each of the provisions of the Order could expose me to sanctions and punishment in the nature of contempt of court or any other penalties authorized by law or statute. I consent to and accept, generally and unconditionally, the jurisdiction of the U.S. District Court, Southern District of New York, for the enforcement of the Order.

I declare under penalties of perjury that the foregoing is true and correct.


_____

Declarant Signature


_____

Date

Subscribed and sworn to before me

This_ day of_ Notary         ,_____ .
Public