UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :      22md3043 (DLC)
IN RE: Acetaminophen – ASD–ADHD       :      22mc3043 (DLC)
Products Liability Litigation         :
                                      :      ORDER: DISCOVERY
------------------------------------- X             COORDINATION


DENISE COTE, District Judge:

        On October 5, 2022, the Judicial Panel on Multidistrict

Litigation centralized this litigation pursuant to 28 U.S.C. §

1407 (the "MDL").  The plaintiffs in this MDL assert that

children developed autism spectrum disorder and/or attention-

deficit/hyperactivity disorder as a result of in utero exposure

to acetaminophen ("APAP Claims").

        Cases asserting APAP Claims have been and are expected to

be filed in state courts ("Related Actions").  This Order seeks

to enhance judicial efficiency, avoid undue burden on parties

and third parties, and promote the just resolution of all cases

pursuing APAP Claims.  To that end, this Order sets out

principles and procedures for the coordination of pre-trial

proceedings, including the conduct of fact discovery, in the MDL

and Related Actions.  A Related Action in which this Discovery

Coordination Order has been adopted is referred to as a

"Coordinated Action".

        It is the intent of this Discovery Coordination Order that

the parties in the MDL shall take the lead in conducting discovery in connection with the litigation of all APAP Claims, that counsel in Coordinated Actions will have an opportunity to participate in that discovery, with the exception of participating in depositions taken of MDL experts, and that discovery produced and conducted in the MDL will be available to counsel in Coordinated Actions.  It is the intent of each Court that adopts this Order that no duplicative discovery will be taken or allowed in a Coordinated Action.

It is recognized that Coordinated Action Courts will decide on the admissibility at any Coordinated Action proceeding of any evidence procured through this Order.  Accordingly, it is hereby

ORDERED that:

1.    No discovery produced or conducted in the MDL shall be provided to counsel in a Coordinated Action unless (a) the Coordinated Action Court has adopted this Coordination Order, (b) each of the parties in the Coordinated Action has executed the MDL Protective Order (22MC3043: ECF No. 41), and (c) all plaintiffs' counsel in the Coordinated Action have executed the Participation Agreement (22MC3043: ECF No. 39, Exhibit 1).

2.    Plaintiffs in the Coordinated Action shall select one plaintiffs' attorney from the Coordinated Action ("Coordinated Action Liaison") to coordinate with the MDL's Federal/State Liaison.

3.     The MDL shall be the lead case for discovery and pre-trial proceedings.  Discovery in a Coordinated Action shall not delay or interfere with discovery in the MDL and shall not be more expedited than the fact and expert discovery schedule set in the MDL.

4.     Unless amended by separate order, each court that adopts this Order also adopts the Protective Order, Order Establishing Protocol for Electronically Stored Information ("ESI"), Plaintiff Fact Sheet Order, Deposition Protocol Order, and other Orders entered in the MDL governing pre-trial proceedings (collectively, the "MDL Discovery Orders").

5.     With the exception of depositions taken of expert witnesses, discovery produced or conducted in the MDL may be used in a Coordinated Action as if produced or conducted in that proceeding to the extent permitted by the Coordinated Action Court.  Any agreement with regard to discovery entered by the parties in the MDL and approved by the MDL Court shall have effect in a Coordinated Action as if it had been approved by the Coordinated Action Court.

6.     The Federal/State Liaison shall keep all parties to the MDL and the MDL Court appropriately apprised, at least monthly, of relevant activities in Coordinated Actions.  The Federal/State Liaison shall keep Coordinated Action Liaison and all defense counsel in a Coordinated Action appropriately

apprised, at least monthly, of relevant activities in the MDL.

I. WRITTEN DISCOVERY

7.   Written Discovery includes requests for documents, interrogatories, depositions on written questions, and requests for admission.  Coordinated Action Liaison may submit to the Federal/State Liaison non-duplicative requests for additional Written Discovery to be propounded in the MDL.

8.   Any limitations on Written Discovery in the MDL will be set by the MDL Court.  Any disputes regarding Written Discovery in the MDL will be resolved by the MDL Court.

9.   No party in a Coordinated Action may take Written Discovery in the Coordinated Action that is duplicative of Written Discovery taken in the MDL.  Parties in a Coordinated Action may serve non-duplicative Written Discovery requests in a Coordinated Action after representing that they have reviewed the relevant discovery materials in the MDL and determined that such requests are non-duplicative and necessary to address issues unique to the Coordinated Action.  Nonetheless, Federal/State Liaison and the Coordinated Action Liaison shall confer and seek to avoid the service of additional Written Discovery in the Coordinated Action.

10.   All parties to the MDL shall be entitled to receive the Written Discovery produced in any Coordinated Action.

11.   An attorney who is a member of a law firm to which a

member of the MDL Plaintiffs' Leadership Team belongs may not
seek Written Discovery in a Coordinated Action.

## II.  NON-EXPERT DEPOSITIONS

12.  For non-expert depositions taken in the MDL, the MDL
Court shall set limits on the number of deponents, determine the
length of each deposition, describe the procedures for the
scheduling of the depositions, and rule on any disputes that
arise in connection with the depositions.

13.  Every reasonable effort shall be made to depose
witnesses common to the MDL and Coordinated Actions only once.
To that end, there shall be coordination as to the time and
place of depositions.  Parties to a Coordinated Action who
receive notice of a deposition scheduled in the MDL shall not be
permitted to re-depose the deponent in a Coordinated Action
absent a showing of good cause.

14.  Counsel in a Coordinated Action (other than any member
of the law firm to which a member of the MDL Plaintiffs'
Leadership Team belongs) shall be permitted to cross-notice,
attend, and, subject to the conditions set forth below,
participate in any non-expert deposition scheduled in the MDL by
making objections and asking non-repetitive questions.  If a
non-expert deposition initiated in the MDL proceeding is not
cross-noticed by a plaintiff in a Coordinated Action, counsel
for a defendant in the Coordinated Action may cross-notice it

unless precluded by the Coordinated Action Court.

15. The Federal/State Liaison shall confer with all examining plaintiffs' counsel to assist them in dividing the time allotted for a deposition appropriately and in avoiding duplicative questioning. Parties in a Coordinated Action shall be allotted time to conduct a non-duplicative examination of a non-expert deponent so long as that additional examination does not extend the deposition beyond the time to which the parties in the MDL have agreed or beyond the time set by the MDL Court for the deposition.

16. If counsel for a party in a Coordinated Action has received notice of a non-expert deposition in the MDL, such deposition may be used in the Coordinated Action for all purposes permitted under the jurisdiction's applicable rules without regard to whether counsel for a party in the Coordinated Action attended or examined the witness at the noticed deposition.

17. If depositions in addition to those taken in the MDL occur in a Coordinated Action, the noticing party shall provide reasonable written notice to MDL Federal/State Liaison and to counsel for all defendants in the MDL consistent with service requirements set forth in the Federal Rules of Civil Procedure and MDL Discovery Orders.

18. No deposition of any party in the MDL may be taken in

a Coordinated Action unless the Coordinated Action Court has given approval upon a showing of good cause.  That showing must include an explanation of why the deposition could not have been taken in the MDL.  No attorney from a law firm to which a member of the MDL Plaintiffs' Leadership Team belongs may seek such a deposition.

19.  Any party or witness receiving notice of a deposition which it contends is not permitted by the terms of this Order shall have seven (7) days from receipt of the notice within which to serve the noticing party with a written objection to the deposition.  In the event of such an objection, the deposition shall not go forward until the noticing party applies for and receives an Order from the MDL Court permitting the deposition, if the notice was issued in the MDL; or from the Coordinated Action Court, if the notice was issued in a Coordinated Action.

### III.  EXPERT DEPOSITIONS

20.  No deposition of an expert witness taken in the MDL may be used in a Coordinated Action other than for impeachment, and vice versa.

### IV.  DISCOVERY DISPUTES

21.  In accordance with S.D.N.Y. Local Civil Rule 37.2 and this Court's Individual Practices in Civil Cases, any party wishing to raise an MDL-related discovery dispute must confer in

good faith with the opposing party in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may file a letter-motion on ECF no longer than two pages, explaining the nature of the dispute.  The letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it should call Chambers to advise that a responsive letter will be forthcoming.  Any such responsive letter must be promptly filed on ECF.

22.  Any party permitted by this Order to participate in the discovery in question may seek resolution of the dispute with the MDL Court.

## V.   NO WAIVER OF RIGHTS

23.  Nothing in this Order shall constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any Written Discovery responses or deposition testimony provided or obtained in accordance with this Order.

## VI.   COMMON BENEFIT WORK

24.  Nothing in this Order alters the entitlement of attorneys performing common benefit work, as set forth in the Order: Common Benefit Fund (22MC3043: ECF No. 39), to seek compensation for the benefits of their services provided to other plaintiffs and their attorneys pursuant to that Order.

## VII.   IMPLEMENTING ORDER

25.   Any Related Action Court may adopt this Coordination Order by executing the attached Order or otherwise indicating the adoption of this Coordination Order for their action.

26.   Each court that adopts this Coordination Order retains jurisdiction to rescind and/or enforce the terms of this Order.

Dated:      New York, New York
            January 27, 2023

                                    _____
                                       DENISE COTE
                              United States District Judge

9