```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :    22md3043 (DLC)
IN RE: Acetaminophen – ASD-ADHD         :    22mc3043 (DLC)
Products Liability Litigation           :
                                        :    ORDER: GENERAL
----------------------------------------X    CAUSATION DISCOVERY
                                                  AND MOTIONS
```

DENISE COTE, District Judge:

Pursuant to the December 7, 2022 Order (22MC3043: ECF No. 27) prioritizing discovery related to the issue of general causation, specifically whether prenatal exposure to acetaminophen causes ASD and ADHD ("Phase One discovery"), and the schedule for Daubert motions set at the January 13, 2023 status conference, in furtherance of a just and speedy resolution of the threshold question of general causation presented by this litigation, and for good cause shown, it is hereby

ORDERED that the schedule for fact and expert discovery and for Rule 702 proceedings on the issue of general causation is as follows:

I. GENERAL CAUSATION FACT DISCOVERY

1. The parties shall meet and confer and reach agreement on search terms for Phase One discovery, or submit any disputed issues to the Court, by **February 8, 2023**.

2. The defendants shall make a rolling production of their documents. The defendants shall confirm to plaintiffs'

Co-Lead Counsel ("Co-Lead Counsel") by letter or email, by **May 5, 2023,** that each defendant has substantially completed production of all relevant documents responsive to search terms and/or discovery requests. All Phase One fact discovery is to be completed by **June 2, 2023.**

3. As soon as possible, but no later than one week before each witness's scheduled deposition date, the defendants shall confirm with Co-Lead Counsel that the individual witness's custodial file production is substantially complete.

4. The schedule of Phase One fact discovery as to Johnson & Johnson Consumer Inc. ("JJCI"), including written discovery, is set forth in the Court's January 12, 2023 Order (22MD3043: ECF No. 340), and as follows:

   a. On or before **February 24, 2023,** JJCI shall respond to the plaintiffs' interrogatories.

   b. As soon as possible, but no later than **March 10, 2023,** the plaintiffs shall identify up to five additional Phase One JJCI custodians for purposes of custodial productions, per paragraph 3 of the January 12, 2023 Order.

   c. As soon as possible, but no later than **April 21, 2023,** the plaintiff shall identify up to five JJCI Phase One custodians they wish to depose, per paragraph 4 of the January 12, 2023 Order. Within one week thereafter, JJCI shall provide two proposed deposition dates for each witness, from which, and within three days of receipt, plaintiffs shall select the dates for the depositions.

5. The Retailer Defendants will serve responses and objections to written discovery, the scope of which is set forth

2

in the parties' January 11, 2023 Joint Status Report (22MD3043: ECF No. 332), by **February 24, 2023**.

6. The plaintiffs and the Retailer Defendants shall finalize their agreement regarding Retailer custodians and depositions, including any Fed. R. Civ. P. 30(b)(6) depositions, or submit competing proposals on these issues by **March 3, 2023**.

## II. GENERAL CAUSATION EXPERT DISCOVERY

7. Within two weeks of entry of this Order, the plaintiffs shall provide defendants and the Court with a list of subject matter areas regarding which the plaintiffs intend to serve general causation expert reports, limited to disclosure of no more than **six** subject matter areas for purposes of general causation.

8. Within two weeks thereafter, the defendants shall disclose any subject matter areas for which they intend to disclose expert testimony that are in addition to any subject matter areas disclosed by the plaintiffs.

9. If such a disclosure is made by the defendants, within two weeks of said disclosure, the plaintiffs shall disclose whether or not they intend to designate an expert in that additional area(s).

10. Neither the plaintiffs nor the defendants may designate more than one expert in a subject matter area.

11. For purposes of Phase One expert discovery, each side (plaintiffs and defendants) is limited to disclosure of **eight** experts.

12. The general causation expert reports of the plaintiffs, along with three dates for each expert's deposition, shall be served on Defendants' Liaison Counsel on or before **June 16, 2023**.

13. The general causation expert reports of the defendants, along with three dates for each expert's deposition, shall be served on Co-Lead Counsel on or before **July 14, 2023**.

14. The plaintiffs shall serve rebuttal expert reports conforming to Fed. R. Civ. P. 26(a)(2)(D)(ii) on or before **July 21, 2023**.

15. The plaintiffs' experts will be deposed before the defendants' experts. The defendants shall complete any depositions they desire to take of the plaintiffs' experts by **August 25, 2023**.

16. The plaintiffs shall complete any depositions they desire to take of the defendants' experts by **September 12, 2023**.

III. RULE 702 BRIEFING AND HEARING SCHEDULE

17. Any Rule 702 motions shall be filed on or before **September 19, 2023**.

18. Oppositions to any Rule 702 motions shall be filed on or before **October 10, 2023**.

19. Replies to any oppositions to any Rule 702 motions shall be filed on or before **October 20, 2023.**

20. At the time any brief is filed, the filing party shall supply Chambers with two (2) courtesy copies of its papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

21. At the Court's discretion, a hearing will be held on the Rule 702 motions during the week of **December 4, 2023.** If a hearing is to be held, the Court will discuss with the parties the scope and logistics of any such hearing in advance of the hearing.

## IV. PHASE TWO DISCOVERY

22. Phase Two written discovery shall be served by plaintiffs on **October 20, 2023.** The defendants' obligation to respond to or otherwise investigate responses to Phase Two discovery, including sales and marketing issues, is hereby stayed pending the Court's decision on the parties' Rule 702 motions.

Dated:  New York, New York
        February 1, 2023

                                    _____
                                            DENISE COTE
                                    United States District Judge

5