UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation<br><br>This Document Relates To: All Cases | 22md3043 (DLC)<br><br>22 mc 3043 (DLC) |

~~CASE MANAGEMENT ORDER NO. ___~~ PROTOCOL FOR PHASE ONE FACT AND EXPERT DEPOSITIONS

1. **Scope and Applicability.** This Order shall apply to all cases currently pending in MDL No. 3043 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto, and those Coordinated Actions subject to the MDL Court's Coordination Order (DE 382). This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these Proceedings and will govern each case in these MDL Proceedings. This Order shall also apply to all non-party witnesses.

2. **Governing Law.** Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other Case Management Order. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.

3. **Stipulations.** The Parties may, by agreement, alter, amend, or modify any practice relating to the noticing or conducting of a deposition, including, but not limited to, the provisions in this Order.

1

4. **Notice.** Each deposition notice in the MDL Proceeding must comply with Fed. R. Civ. P. 30(b). The deposition notice must include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition. The notice must clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means. Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) must describe with reasonable particularity the matters for examination. Absent agreement of the Parties, good cause, or an order of the MDL Court, any deposition notice must be served at least thirty (30) days before the date the noticed deposition is to occur.

5. **Expert Deposition Notices.** To the extent an expert deposition notice includes a request for production, the written response and document production shall be produced no later than 10 days before the scheduled deposition date. This does not obviate the parties' obligations to disclose all materials reviewed, including any original analyses and/or data, contemporaneously with the expert report pursuant to Rule 26.

6. **Use of Depositions.** Depositions originally noticed in this MDL may be cross-noticed in appropriate state court cases in accordance with the limitations set forth in the MDL Court's Coordination Order ( DE 382).

7. **Cooperation.** The Parties shall meet and confer in good faith to resolve all issues regarding the scheduling and taking of depositions. All Parties are expected to be respectful and accommodating of circumstances relating to personal health reasons and to grant reasonable requests for accommodations on scheduling and the timing of depositions. Any disputes that are unresolved by the Parties meeting and conferring shall be resolved by the Court.

8. **Deposition Procedures**

   a. **General.** Unless otherwise agreed, depositions shall only take place on business days (Monday through Friday, excluding legal holidays).

   b. **Attendance.** The plaintiffs are encouraged to limit the number of attorneys at any given deposition, and Plaintiffs Leadership Counsel shall designate a single attorney who will be permitted to question the witness at the deposition. As to examiners from Coordinated Actions, additional questioning, if any, shall proceed in accordance with the limitations set forth in the MDL Court's Coordination Order (DE 382), should be truly unique, and additional questioners are subject to the Federal Rule time limitations so should coordinate in advance in accordance with the limitations set forth in the MDL Court's Coordination Order (DE 382). Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend. Where Defendants notice a deposition, Defendants shall choose a lead questioner; however, no more than two additional defense questioners may ask limited, defendant-specific questions once the lead defense questioner completes examination. Such additional questioning, if any, should be truly unique and limited to defendant-specific issues, and additional defense questioners are subject to the Federal Rule time limitations so should coordinate with the lead defense questioner in advance. In addition,

Defendants may have a client representative present. Counsel for a party or non-party witness shall have the right to exclude from depositions any person who is not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information pursuant to the Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information are being used or discussed.

c. **Notice of Attendees at a Deposition.** For there to be adequate deposition space and to notify building security, counsel intending to attend a deposition noticed or cross noticed in the MDL should advise all Parties, including counsel for the noticing party, of their intention to attend in person at least one day prior to the deposition.

d. **Marking Exhibits.** The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. To the extent not-previously produced documents are being used as deposition exhibits, the party marking the exhibit must produce it to all appropriate parties within 7 days of its use as a deposition exhibit, using the range of Bates numbers reserved for this purpose. Thereafter, the exhibit shall be referred to by its deposition exhibit number. Counsel shall use reasonable efforts to mark exhibits sequentially and shall attempt to use the

previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

9. **Cost**. The noticing party shall bear the initial expense of both videotaping and stenographic recording. The Parties shall pay for their own copies of transcripts and videotapes of depositions. For depositions requiring a translator, the party noticing the deposition shall be responsible for payment.

    a. <u>Additional Cameras</u>. Any party, at its own expense and with notice 24 hours in advance of the deposition to defending counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the defending attorney. The defending attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner. This limitation on additional cameras does not extend to document cameras. Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

10. **In-Person Depositions.** Depositions shall be presumptively held in-person, and all expert depositions shall be held in person. For in-person depositions, the defending party will be responsible for arranging a deposition venue within reasonable proximity to the city in which the deponent resides or works, or as otherwise agreed to by the parties. The defending party will bear the costs associated with the use of the deposition space at the selected venue. The venue must be disclosed to the examining party no later than ten (10) calendar days before the deposition. The

5

venue must include a main deposition room and a breakout room for the examining party's counsel.

**11. Remote Depositions.** While Parties have a preference to conduct in-person depositions, they recognize that some fact witnesses may be unwilling to participate in in-person depositions for their own personal health reasons. In those instances, the following provisions shall govern remote depositions subject to this Order.

    a. A Remote Deposition means that all persons involved in the deposition will be in separate locations (including, but not limited to defending attorneys, who shall be in a separate location from the witness being defended).

    b. To avoid any potential disruptions of a Remote Deposition, those attending shall silence notifications for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. The participating attorneys may be visible to all other participants during the deposition.

    c. The fact that a deposition was noticed to take place remotely, and was recorded remotely, shall not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in person.

d. Use of Electronic Exhibits. Subject to the exception identified in paragraph 11(e) of this Order, full and complete copies of deposition exhibits shall be provided electronically only to the witness and counsel who are attending the deposition via Remote Deposition Technology through file sharing software provided by the court reporter. To prevent confidential documents from being downloaded by the witness, electronic exhibits may only be shared with the witness via this file sharing software. The software shall allow the download function to be disabled while still allowing the witness and the witness's attorney to access the entire document and navigate through the document individually during the deposition. A witness will likely be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial, unless a specific objection is raised at the time of deposition. During the deposition, the Remote Deposition technology must allow counsel to display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness. Nothing in this paragraph is intended to limit the manner by which the examining attorney may choose to use an exhibit at a deposition.

e. Provision of Hard Copy Exhibits. Counsel taking a Remote Deposition shall provide the witness with hard copies of exhibits that are more than 35

7

pages *only if* the following conditions are met: (i) the witness made a good faith, express request to his/her counsel that hard copy exhibits be used rather than electronic exhibits; and (2) the request for hard copy exhibits is made, through counsel, in writing seven (7) days or more in advance of the deposition. To the extent that such a request is appropriately and timely made, counsel taking the deposition shall make a good faith effort to provide a hard copy of each exhibit that is more than 35 pages to the witness in one of two ways: (i) by shipping the documents to the witness to be delivered 24 hours prior to the start of the deposition; or (ii) by hand delivery to the witness 60 minutes before the start of the deposition. Within each container or box containing the exhibit(s), each exhibit may be sealed in its own envelope. Neither the container nor the box nor the envelope(s) contained therein may be opened by the witness until instructed to do so by counsel taking the deposition and both the container or box and envelopes will only be opened on camera. This provision shall not preclude counsel taking the deposition from utilizing electronic versions of exhibits more than 35 pages because the parties recognize that not all documents that might be used in a deposition are identified two days prior to the deposition or even the day before. Furthermore, the parties recognize that some documents might be, and often are, identified as the deposition is occurring. Therefore, nothing herein shall preclude counsel taking the deposition from marking or inquiring about any document more than 35 pages in good faith whether it was previously shipped or not. Following the deposition, the witness who

8

received such hard copy exhibits will return any and all documents and envelopes that contained documents, whether used or not at the deposition, to the counsel that took the deposition as directed by said counsel.

f. **Notice.** All notices must identify the company that will host and record the remote deposition. The Party noticing the deposition will provide the witness and all other attendees with detailed instructions regarding how to participate in the remote deposition at least three (3) business days before the deposition.

g. **Recordation.** The Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including, to the extent that the deposition is noticed to be recorded by video, by remote video capture/recording. With the exception of the videographer and court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties.

12. **Time.** The amount of time for depositions shall be governed by the Federal Rules of Civil Procedure, exclusive of any re-direct examination time by a party of its own witness. As to experts, within three business days after reports are served and if needed, the parties shall confer as to whether good cause exists to extend the expert's deposition time. No witness shall be required to give more than one deposition, except by Order of the Court or agreement among the parties.

13. **Objections.** All objections, except to the form of the question and the responsiveness of the answer are reserved to the time of trial and are not waived, including objections to foundation. Any attorney making a form objection shall state the objection as

9

"Objection to Form" and make no other statement unless requested by the opposing attorney to explain or expand upon the form objection. In addition, an objection by one party reserves the objection for all parties. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule shall be presented via telephone call to Judge Cote's chambers. The presentation of the issue and the Court's ruling will be recorded as part of the deposition.

14. **Third-Party Subpoenas.** This Order, in its entirety, must be attached to any subpoena or notice that relates to the deposition of a third-party witness. The Parties shall meet and confer in advance of third-party depositions to agree upon an appropriate division of time. In addition, if a party believes it has a legitimate interest in the confidentiality of documents responsive to the subpoena, then it shall raise this issue with opposing counsel in order that it may be addressed and resolved as necessary.

15. **Correcting and Signing Depositions.** Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition. If no corrections are made during this time, the transcript will be presumed accurate. Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

16. **Hearsay and Authenticity Challenges.** Any Party-Produced Evidence marked as an exhibit in a deposition of that producing party and/or its employees or former employees will be deemed to be a business record of that party within the meaning of Federal Rule of Evidence 803(6) and authentic within the meaning of Federal Rule of Evidence 902(11), subject to the following paragraphs:

10

a. "Party-Produced Evidence" is defined as (i) documents other than email that a party produces; and (ii) any email produced by a party that the party and/or its employees or former employees authors or receives and produces.

b. The exhibit marked at the deposition must bear a production number from that party's production.

c. The parties may not mark deposition exhibits *en masse* for the sole purpose of bringing those exhibits within the scope of this section; each exhibit must actually be used for substantive questioning during the deposition.

d. Unless a decision from the Court is specifically required for the parties' Rule 702 motions, within thirty (30) days after the Court issues its decision on the parties' Rule 702 motions, the producing party seeking to challenge the business record status or authenticity of an exhibit must provide written notice to the Plaintiffs' Lead Counsel of the specific, non-boilerplate objection(s) to the business record status of the document, specifying the legal and factual basis for the objection. Any timely objection will be deemed to have been made for all depositions for which the exhibit is subsequently used. Absent good cause, failure to provide written notice of objection within the timeframe listed here constitutes waiver of the objection by the producing party at trial to the business record status pursuant to Federal Rule of Evidence 803(6) and authenticity of an exhibit within the meaning of Federal Rule of Evidence 902(11). Once waived, an objection cannot be raised as to that exhibit marked again in a later deposition.

e. The parties will make a genuine effort to meet and confer to resolve the written objection or undertake discovery solely to cure the objection.

f. If a dispute remains, MDL Lead Counsel may request an *in limine* hearing on the objections by the producing party, to be scheduled at the Court's discretion. Absent exigent circumstances or Court Order, *in limine* hearings may only occur after the accumulation of 50 or more unresolved written objections. All objected to exhibits will be presented in one filing per Defendant. Any ruling shall be treated as any other pre-trial ruling *in limine*.

g. In the event 50 or more written objections have accumulated, MDL Lead Counsel may request an *in limine* hearing by sending an email to CoteNYSDchambers@nysd.uscourts.gov. The subject line of the email shall be "Request for *In Limine* Hearing." The email shall also attach a joint evidentiary memorandum of two pages or less per written objection (1) specifying the substance of the evidentiary matter to be heard, and (2) stating with specificity the nature of the dispute with citations to the particular subsections of Rules 801-807 and/or 901-903 of the Federal Rules of Evidence at issue. The memorandum should attach a copy of all deposition exhibits at issue. Only issues addressed in the joint evidentiary memorandum may be raised at the hearing, and any ruling shall be treated as any other pre-trial ruling *in limine*.

h. The parties are reminded that the Court requires the parties to act in good faith and to avoid, to the extent possible, the need for advance rulings from

12

the Court on admissibility of evidence. It is the parties' expectation that earlier rulings on document admissibility issues will provide guidance to the parties and limit the occurrence of repetitive disputes.

17. **Custodial Files.** The scope and process for Defendant JJCI's custodial file productions are set forth in the Court's January 12, 2023 (DE 340) and February 1, 2023 (DE 391) Orders. As to the Retailer Defendants, this issue is subject to further meet and confer per the Court's February 1, 2023 Order (DE 391).

18. **Compliance with Protective Order.** Nothing herein is intended to (nor shall it) modify the terms of the Protective Order, which will govern the treatment of documents and information designated pursuant to the Protective Order. If a deponent is to produce or be asked about any documents that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Stipulated Protective Order entered in this action (the "Protective Order"), and the deponent is a person who must sign the Protective Order before reviewing CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, a copy of the Protective Order shall be provided to the deponent before the deposition commences

19. **Modification of this Order.** This Order is subject to modification by agreement of Parties subject to Court approval, or by further of this Court.

SO ORDERED the 13th day of February, 2023.

_____
The Hon. Denise L. Cote, U.S.D.J.