UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :      22md3043 (DLC)
IN RE: Acetaminophen – ASD-ADHD      :      22mc3043 (DLC)
Products Liability Litigation        :
                                     :      ORDER: PLAINTIFF
------------------------------------ X      FACT SHEETS

DENISE COTE, District Judge:

     The plaintiffs in this multidistrict litigation ("MDL")
assert that children developed autism spectrum disorder and/or
attention-deficit/hyperactivity disorder as a result of in utero
exposure to acetaminophen.  This MDL litigation is comprised of
many individual actions ("Member Cases").  The parties have
agreed that, subject to the exceptions described below, each
plaintiff shall satisfy its obligations pursuant to Federal
Rules of Civil Procedure 33 and 34 by completing a Plaintiff
Fact Sheet ("PFS").  On March 16, the Court resolved the
parties' disagreements over the contents of the PFS, and on
March 20 the parties submitted their proposed PFS.  Accordingly,
it is hereby

     ORDERED that the PFS attached to this Order shall be used
in this MDL, subject to stylistic and formatting changes
intended to facilitate electronic completion and transmission of
the PFS.

     IT IS FURTHER ORDERED that the following instructions shall
govern use of the PFS.

I.   COMPLETION OF PLAINTIFF FACT SHEET, DOCUMENT PRODUCTION, AND AUTHORIZATIONS

1.   In accordance with the schedule set forth in Section II, each plaintiff in each current and future Member Case shall:

a.   Complete, verify, and upload a PFS via MDL Centrality, which is the electronic platform for the Census of Filed Cases;

b.   Upload to MDL Centrality all responsive, non-privileged documents required by the PFS, or requested by the PFS ("Responsive Documents");

c.   Upload to MDL Centrality duly executed authorizations, as required by the PFS, which permit the release of records ("Authorization Forms").  Templates of the Authorization Forms are attached as Exhibits A through E to the PFS;

d.   Upload to MDL Centrality duly executed but otherwise blank Authorization Forms to be used by the defendants in this MDL.  To the extent any defendant in a Member Case learns of a healthcare provider not identified in the PFS but who may possess medical records which a defendant would be permitted to request under the terms of the PFS, the defendant may notify the plaintiff of the intent to use the blank Authorization Form to request records.  The defendant shall

allow the plaintiff fourteen (14) days to object before using the Authorization Form to request records; and

     e.   Uploading the PFS and these documents through MDL Centrality shall constitute effective service upon each defendant named in the Short Form Complaint for that Member Case.

    2.   <u>Substantial Completeness:</u>  All PFS submissions must be substantially complete, which means a plaintiff must:

     a.   Answer all questions in the PFS to the best of their ability and/or recollection.  Where indicated or available, a plaintiff may answer questions in good faith by indicating "not applicable," "I do not know," or "unknown";

     b.   Include a signed Verification, as required by Section VI of the PFS;

     c.   Provide the following required Authorization Forms for each plaintiff Child: (1) Health Care Authorization; (2) Psychiatric/Psychotherapy Notes Authorization; (3) Education Authorization; (4) Medicare Authorization; and (5) Social Security Authorization; and

     d.   Produce all Responsive Documents described in Section V of the PFS.

    3.   A plaintiff's responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R.

Civ. P. 34, and shall be supplemented in accordance with Fed. R. Civ. P. 26.

4.   The defendants' use of the PFS, document productions, and Authorization Forms shall be without prejudice to defendants' right to serve additional, non-duplicative discovery as part of a bellwether process.  Otherwise, the defendants shall not serve any additional discovery without either consent of a plaintiff or prior authorization from the Court.

5.   Nothing in the PFS shall limit the scope of inquiry at depositions or the admissibility of evidence at trial.

6.   All objections to the admissibility of information contained in the PFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein.

7.   A plaintiff may withhold or redact information requested in the PFS based upon the attorney-client privilege. Information or Responsive Documents withheld or redacted on the basis of such privilege shall be recorded in a privilege log provided to the defendants within thirty (30) days of the service of the completed PFS and production of Responsive Documents.

II.   TIMING AND SERVICE OF PLAINTIFF FACT SHEETS

8.   Currently Pending Cases: Plaintiffs who have already filed a Short Form Complaint shall have sixty (60) days from the

entry of this Order to complete, verify, and serve their PFS upon counsel for each defendant named in their Member Case, in the manner prescribed herein.

9.   <u>Future Cases:</u> Any future plaintiff who files directly in this MDL pursuant to this Court's Order: Direct Filing (22MC3043: ECF No. 25), or whose case is otherwise removed or transferred into this MDL from another jurisdiction, is required to complete, verify, and serve his or her PFS, in the manner prescribed herein, within sixty (60) days of filing his or her Short Form Complaint.

a.   In the event this 60-day period is not sufficient for a specific plaintiffs' law firm to comply with this deadline in any given month, counsel from that firm shall contact the defendants' leadership via email at DEC-APAP@btlaw.com to request consent for an extension, and if consent is not forthcoming, may request an extension from the Court.

b.   In the event an individual plaintiff requires an extension to file their PFS, plaintiff's counsel shall meet and confer with defense counsel for the defendants named in his or her Member Case, and if consent for an extension is not forthcoming, may request an extension from the Court.

III.   REVIEW OF PLAINTIFF FACT SHEETS FOR DEFICIENCIES

10.   For those plaintiffs who serve their PFS in accordance with this Order, the defendants shall have forty-five (45) days

to review and notify the plaintiff of any deficiencies with
their PFS.  In the event that this 45-day period is not
sufficient for a defendant's law firm in any given month,
defense counsel shall contact plaintiffs' leadership via email
at APAP-Co-Leads@wattsguerra.com, and if consent for an
extension is not forthcoming, may request an extension from the
Court.

11.  The failure of a physician, healthcare provider,
federal, state, and/or local government agency, or any other
entity asked to produce records relating to a plaintiff
("Entity") to accept an Authorization Form will not be
considered a deficiency for purposes of this Order.  To the
extent an Entity fails to accept an Authorization Form, the
parties must meet and confer in good faith in an effort to
resolve the issue so that the records may be collected.  Those
efforts may include the plaintiff executing a new authorization
form that meets the Entity's requirements.

12.  Deficiency Notice Process:

a.  <u>Failure to timely serve a PFS</u>:  In the event a
plaintiff misses the deadline to timely complete and serve a
PFS, defendants shall serve a Notice of Overdue PFS on that
plaintiff's counsel of the failure to comply with this Order.
The plaintiff shall have fourteen (14) days from the date of
notice to timely complete, verify, file, and serve the PFS.  A

plaintiff who fails to do so by the deadline to cure shall be subject to process set forth in Section IV.

b.    Failure to fully and accurately complete a PFS: In the event a plaintiff serves a PFS, but fails to fully and accurately complete the PFS, or fails to serve all documents and Authorization Forms required by the PFS, defendants shall serve a Notice of Deficient PFS on plaintiff's counsel.  The plaintiff shall have fourteen (14) days from the date of notice to cure any deficiencies.  In the event a plaintiff's PFS deficiencies are not cured, or in the event that defendants identify new deficiencies in an amended PFS, the defendant(s) shall notify the plaintiff of any such deficiencies, and the plaintiff shall again have fourteen (14) days from receipt of the notice to cure any deficiencies.  In the event any deficiencies are still not cured, the plaintiff shall be subject to the process set forth in Section IV.

IV.   ORDER TO SHOW CAUSE PROCESS

13.  If a plaintiff fails to complete and serve a PFS following Notice of Overdue PFS or to cure any deficiencies in his or her PFS pursuant to the Notice of Deficient PFS, a defendant may seek relief from the Court, including a request that the Court issue an Order to Show Cause why the Member Case should not be dismissed with prejudice.

14. A defendant may raise multiple Member Cases' deficiencies in a single application to the Court.

## V.   CONFIDENTIALITY OF DATA

15. Information any plaintiff provides pursuant to a PFS is deemed confidential, will only be used for purposes related to this litigation, and may be disclosed only as permitted by the Protective Order (22MC3043: ECF No. 41).


Dated:     New York, New York
           March 23, 2023

                                    _____
                                    DENISE COTE
                              United States District Judge

8