UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                   :
IN RE: Acetaminophen – ASD-ADHD    :
Products Liability Litigation        :
                                   :
This Document Relates to:         :
Brehm et al. v. Johnson & Johnson   :
Consumer Inc. et al., 23cv2944      :
Dafney et al. v Johnson & Johnson    :
Consumer Inc. et al., 23cv4249      :
                                   :
------------------------------------- X

|  |  |
|---|---|
| 22md3043 | (DLC) |
| 22mc3043 | (DLC) |
| 23cv2944 | (DLC) |
| 23cv4249 | (DLC) |

ORDER

DENISE COTE, District Judge:

On August 30, 2023, plaintiffs in two Member Cases in this litigation sought leave to file second amended Short Form Complaints ("SFCs") without consent by the defendants and without a showing of good cause for doing so. Those applications, which were made pursuant to Rule 15 of the Fed. R. Civ. P., are denied. Some of the pertinent procedural history regarding SFCs in this multi-district litigation is as follows.

This litigation has been pending before this Court since October 5, 2022. At the Initial Pretrial Conference on November 17, 2022, the parties discussed the use of Master Pleadings and corresponding SFCs. Motions to dismiss claims brought in the litigation, as reflected in several SFCs, were decided during the months of April and May, 2023.

The operative pleadings in this action are the SFCs, which incorporate by reference the pertinent Master Complaint. In an

Order of December 9, 2022 (22mc3043: ECF No. 29), plaintiffs with pending complaints were required to file their SFCs by January 20 and were warned that a failure to do so may result in dismissal. The Order also addressed the schedules for the filing of SFCs by direct filers and by plaintiffs whose actions were transferred to the Court.

A January 9, 2023 Order (22mc3043: ECF No. 38) approved the template of the SFC to be used by plaintiffs and set out a procedure to address late filings and other deficiencies. The template permitted plaintiffs to check boxes identifying relevant data and to fill in pertinent information in the spaces set aside for that data. Among the boxes to be checked were boxes identifying listed defendants, including fourteen retailer defendants. As for injury, the SFC template allowed a plaintiff to check two boxes: one for autism spectrum disorder ("ASD") and another for attention-deficit/hyperactivity disorder ("ADHD").

The January 9 Order explained that any amendment "shall be done in a manner consistent with the Federal Rules of Civil Procedure." Rule 15 permits a party to amend its complaint once as a matter of course within 21 days after serving it or 21 days after a responsive pleading, whichever is earlier. Fed. R. Civ.

P. 15(a)(1)(A)-(B).  Rule 16 requires a showing of good cause.
Fed. R. Civ. P. 16(b)(4).

Meanwhile, counsel for plaintiffs and defendants negotiated
a plaintiff fact sheet ("PFS") that each plaintiff would file
and that would largely satisfy a plaintiff's discovery
obligations during this phase of the litigation.  A March 23
Order (22mc3043: ECF No. 56) set a schedule for completion of
the PFS by plaintiffs with pending cases and by future
plaintiffs.  A Special Master has been appointed to assist the
parties in the filing and management of documents and data
associated with each SFC.

Having resolved the pending motions to dismiss, an Order of
May 23 (22md3043: ECF No. 645) set a schedule for the filing of
amended SFCs to reflect those rulings.  An amended form SFC was
approved through an Order of July 31 (22mc3043: ECF No. 77).

Through an Order of August 16 (22mc3043: ECF No. 84), and
pursuant to the schedule described on May 23, plaintiffs in all
cases pending as of July 31 were required to file amended SFCs
using the amended template by August 30, 2023.  The August 16
Order limited amendments to those that reflect "the Court's
rulings on the defendants' motions to dismiss, that add
defendants already identified in a plaintiff's previously filed
PFS, or that have the written consent of all of the defendants

3

named in the SFC." The Order added "that any other amendment to
any SFC, including the joinder of additional parties, the
identification of an additional product, and/or the addition of
a claim, shall require the written consent of all defendants in
the action or leave of Court, pursuant to Fed. R. Civ. P. 16."

The plaintiffs bringing these motions for amendment of
their SFCs filed their SFCs on April 7 and May 22, 2023. Their
PFSs were served on June 16 and July 20, respectively. On
August 28, each filed an amended SFC, as required by the August
16 Order. On August 30, each moved for leave to file a second
amended SFC pursuant to Rule 15.

The plaintiffs in Dafney et al. seek to add retailer
defendants not identified in their previously filed PFS and
updates to the dates of use to reflect those included in their
PFS. The plaintiffs in Brehm et al. seek to add ADHD as an
additional injury, a date of diagnosis, and allegations
regarding the discovery of relevant acts supporting the cause of
action.

The defendants oppose the motions as brought pursuant to
Rule 15 and not Rule 16. As the defendants correctly point out,
the Order of August 16 requires any amendment not authorized by
Court order or to which defendants have not consented to be

4

supported by the showing required by Rule 16.  This was no
mistake.

The template for the SFC has been available to all
plaintiffs and their counsel since January 9, 2023.  It was
intended to and did make the identification of the relevant
injury and the relevant defendants exceptionally easy.
Plaintiffs and defendants have relied on the forms approved by
the Court, the Court's rulings on the merits of legal issues,
and the schedules set by the Court to reduce the burden of this
complex litigation on them.  Should plaintiffs have good cause
for adding new injuries or defendants to their claims, they may
seek consent of the defendants to do so or bring a motion
pursuant to Rule 16 if that consent is denied.

To the extent the plaintiffs have attempted to meet the
Rule 16 standard in their reply briefs, that is insufficient.
The defendants must have a fair opportunity to respond to any
argument made by the plaintiffs pursuant to Rule 16.
Accordingly, it is hereby

ORDERED that the August 30, 2023 motions in Brehm et al.
and Dafney et al. for leave to file Second Amended Short Form

Complaints are DENIED.

Dated:      New York, New York
            October 3, 2023

                                        _____
                                              DENISE COTE
                                        United States District Judge