```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :   22md3043 (DLC)
IN RE: Acetaminophen - ASD-ADHD           :   22mc3043 (DLC)
Products Liability Litigation             :
                                          :   ORDER: 21 DAYS TO
----------------------------------------- X   SHOW CAUSE
```

DENISE COTE, District Judge:

On January 16, 2024, an Order was issued in this MDL to address the impact on each Member Case of the December 18, 2023 Opinion granting the defendants' Rule 702 motions on the issue of general causation. In re Acetaminophen - ASD-ADHD Products Liability Litigation, No 22md3043 (DLC), 2023 WL 8711617 (S.D.N.Y. Dec. 18, 2023) ("December 18 Opinion"). The January 16 Order (22MD3043: ECF No. 1394) addresses, inter alia, the due process concerns raised by plaintiffs' counsel in their letter of January 12, 2024. As the plaintiffs' letter recognizes, an order to show cause procedure allows all plaintiffs an opportunity to be heard why the December 18 Opinion does not apply to their individual case ("Member Case").

As reflected in the October 5, 2022 Transfer Order (ECF No. 1) issued by the Judicial Panel on Multidistrict Litigation, all plaintiffs appearing before the Panel requested centralization of the litigation. The Panel granted that request, noting that the common factual questions in the litigation supporting centralization include whether prenatal exposure to

acetaminophen can cause ASD and ADHD (the issue of "general causation").

An October 18, 2022 Order (ECF No. 11) consolidated all actions in this MDL for all pretrial purposes. An Order of November 3 (ECF No. 62) adopted the plaintiffs' proposed leadership structure and charged Lead Counsel for plaintiffs with acting "for all plaintiffs." Since that time, it appears that that leadership structure has worked assiduously to engage with this litigation both efficiently and zealously on behalf of all plaintiffs.

A December 2, 2022 Order (ECF No. 238) permitted the direct filing of Member Cases in this MDL. That Order set out a mechanism for parties in directly filed Member Cases to object to the inclusion of their case in the MDL, and provided that failure to object pursuant to that mechanism would constitute a waiver of any objection to inclusion. Since that time, many Member Cases have joined this MDL through direct filing. Before and after those filings, the plaintiffs have had full access to the progress of this litigation through the ECF filings on the dockets bearing numbers 22md3043 and 22mc3043.

An Order of January 9, 2023 (ECF No. 323) created a common benefit fund in recognition of the fact that some of the work performed by certain plaintiffs' lawyers will accrue to the benefit of all or most plaintiffs in the MDL. That common

benefit work has included the discovery and motion practice related to general causation. A February 1, 2023 Order (ECF No. 391) set the schedule for fact and expert discovery on the issue of general causation. It also set out the briefing schedule for the Rule 702 motions on that issue. The plaintiffs' Lead Counsel supervised and/or conducted that discovery and briefed and argued those motions on behalf of all Member Cases.

In this litigation, defendants are deemed to have answered each SFC for a newly-filed Member Case twenty-one days after they have been served with the SFC. Thus, an August 16, 2023 Order (ECF No. 841) established the dates on which Master Answers would be deemed served in each Member Case for purposes of both Rules 12 and 41. It provided, inter alia, that for any Member Case first served on or after August 2, 2023, the Master Answer will be deemed served on the plaintiff twenty-one days after service of the SFC on the defendant.

Relying on this history, the January 16, 2024 Order allows each plaintiff twenty-one days to explain why summary judgment should not be entered in a Member Case based on the December 18 Opinion's exclusion of the plaintiffs' evidence of general causation. Thus, in each Member Case, the defendant will have been deemed to answer the SFC and the plaintiff will have had an opportunity to review the December 18 Opinion and explain why

the defendants are not entitled to summary judgment in that Member Case.

Dated:     New York, New York
           January 17, 2024

                                          _____
                                                  DENISE COTE
                                          United States District Judge

4